PRUSSING (UNITED STATES v.). See Case No. 16,095.

========

## Case No. 11,457.

### In re PRYOR.

[4 Biss. 262.] [1]

District Court, D. Indiana. Sept., 1868.

BANKRUPT MUST NOT SELL PROPERTY—EXEMPTION.

1. Under no circumstances can the bankrupt, after he has filed his petition and schedule, be justified in selling any of his property without leave of the court.

2. If the bankrupt is dissatisfied with the exemption of property allowed him by the assignee, his only mode of redress is to except to the ruling of the assignee, and have him certify the question to the district court.

In bankruptcy.

McDONALD, District Judge. Richard Pryor, the bankrupt, by his petition filed, states that he became a voluntary bankrupt by decree of this court on the 12th of March, 1868; that he was then a retail dealer in groceries and farming implements at Logansport, Indiana, and had then on hand for sale a considerable stock of said goods; that if the same had been allowed to remain long on hand, they would have greatly depreciated in value; that therefore, "by the advice of counsel, and at the request of the creditors of his estate," he proceeded for fifty-eight days to sell said goods at retail, to the amount of eight hundred dollars; that, by his so doing, "great benefit was derived to the creditors;" that, in order to make such sales, he paid ten dollars for a United States revenue license; that in transferring his property to the assignee, he was able to pay over but six hundred dollars of the proceeds of said sale, he having in the meantime expended the residue in the maintenance of his large and helpless family; and that the assignee has only allowed him, by way of exemption, the sum of three hundred and fifty-two dollars, whereas, he ought to have allowed him in addition the said residue of the proceeds of said sales. The petition prays that this court allow him said residue, amounting to two hundred dollars, as a part of his property exempt from the operation of the bankrupt act [of 1867 (14 Stat. 517)], and also the ten dollars which he paid for a license, with pay for his services in making the sales.

So far as anything appears, the conduct of the bankrupt in making said sales was not attended by any bad motive on his part. Yet his proceeding therein was utterly unlawful. If there was danger that a delay to sell the goods would cause a depreciation in value, he might have applied to the court, which would doubtless have afforded a proper remedy. It would be a dangerous precedent to permit any man, after he has been declared a bankrupt, without any authority from the court,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

to sell any of his property, and afterwards, by an ex post facto decree, have his lawless proceedings legalized. As the sale of the goods was in violation of law, the bankrupt has no legal claim to be paid for his services in making the same, or for the ten dollars which he paid for a license. As to the action of the assignee, in refusing to allow the bankrupt to retain, as exempt from the operation of the law, any of the estate over three hundred and fifty-two dollars, I think, from the facts stated in the petition, it was a very meagre allowance. The bankrupt is an old, feeble man, unable to perform manual labor. He has a wife and four children dependent on him for a support. Under such circumstances, if true, it should seem that a more liberal exemption ought to have been made. But the assignee doubtless had better means to ascertain what was right and fair in the premises, than I can have by the mere examination of the petition. He may have been cognizant of facts of which I am ignorant, and which may have justified him in what he did. Be this, however, as it may, it is certain that I cannot reverse the decision of the assignee on the petition now before me. The 14th section of the bankrupt act, provides that, in a matter of this kind, the determination of the assignee "shall, on exception taken, be subject to the final decision of the court." The only mode, therefore, as I think, by which such a question can be brought before me, is first to except to the decision of the assignee, and then have him to certify the matter to me. This, I suppose, need not be done in the shape of a formal bill of exceptions. I think it would be sufficient for the assignee to state in writing the facts on which his decision was made, what was his decision, and the fact that the bankrupt excepted to it.

The petition is dismissed at the cost of the bankrupt.

NOTE. The transfer of promissory notes by the payee, during the pendency of bankruptcy proceedings against him. upon which he was afterwards adjudged a bankrupt, vests no title in the purchaser, even though he had no actual notice of the bankruptcy proceedings. The assignee can recover such notes. even from a bona fide purchaser. In re Lake [Case No. 7,992]. As to the mode of proceeding, upon the assignee's exemption certificate, see In re Thiell [Case No. 13,882].