MᶜBEE *v.* BOWMAN.

(*Knoxville.*   September 20, 1890.)

1. DEVISAVIT ˙VEL NON.   *Opening and closing argument.*

Upon trial of an issue of *devisavit vel non* the proponent's attorneys are entitled to open and close the argument, although contestants admit of record the due execution of the particular will propounded, and seek to show its revocation by the execution of a subsequent will, whose genuineness is controverted.

Cases cited and approved: Puryear *v.* Reese, 6 Cold., 25; Porter *v.* Campbell, 2 Bax., 83; Alloway *v.* Nashville, 88 Tenn., 527, 528.

2. SAME.   *Proof of forgery of will.   Preponderance sufficient.*

Upon trial of an issue of *devisavit vel non,* in which the proponent asserts the forgery of a revoking will, it is error for the Court to charge that the fact of forgery must be proved by any greater preponderance of evidence than ordinarily obtains in civil cases.   Slight preponderance is sufficient in such case.

Cases cited and approved: Chapman *v.* McAdams, 1 Lea, 500; Gage *v.* Railway Companies, 88 Tenn., 726.

Cited and distinguished: Coulter *v.* Stuart, 2 Yer., 226.

Cited and overruled: Hills *v.* Goodyear, 4 Lea, 236.

3. SAME.   *Same.   Particular charge erroneous.*

Instructions to jury in such case that the forgery may be established by "a preponderance" or by "the weight" of the testimony became erroneous when followed and explained by this language:   "It [the forgery] should appear with reasonable certainty."   Reasonable certainty excludes reasonable doubt.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County.   CHARLES NELSON, Sp. J.

WEBB & McCLUNG for McBee.

WILLIAMS & SNEED and WAT M. COCKE for
Bowman.

CALDWELL, J.   On June 19, 1874, Samuel Bow-
man died in Knox County, and in July of the
same year a certain paper-writing, dated January
6, 1872, was duly admitted to probate, in common
form, as his last will and testament.   By this in-
strument the whole of the testator's large and val-
uable estate, consisting of both realty and person-
alty, was given *absolutely* to his son, James Wiley
Bowman, who disposed of all of it in his life-time.

James Wiley Bowman died on March 30, 1889,
and in July following his children and grandchil-
dren filed their petition in the County Court of
Knox County, seeking to have the probate of said
instrument of January 6, 1872, annulled, and to
have a certain other paper-writing of later date
(March 2, 1872) probated as the last will and tes-
tament of said Samuel Bowman, deceased.

By the terms of the latter instrument the tes-
tator devised his real estate to his son, James
Wiley Bowman, *for life only*, with remainder to
the son's children.

R. L. McBee was made party defendant to the
petition, because he claimed ownership of a valu-
able portion of the real estate, under deed from
James Wiley Bowman.   He filed his answer, re-
sisting the relief sought in the petition on the

alleged ground that the paper already probated was in fact the last will and testament of Samuel Bowman, deceased, and that the one presented by petitioners was a forgery.

Proper certification was made to the Circuit Court, where an issue of *devisavit vel non* was made up and submitted to a jury. Verdict was returned in favor of the paper dated March 2, 1872, and the Court adjudged it to be the last will and testament of Samuel Bowman, deceased.

McBee has appealed in error.

The first error assigned is upon the action of the Court in permitting the counsel of appellees, over the objection of appellant, to open and close the argument before the jury.

The general rule is that the plaintiff, or the party having the affirmative of the main issue, is entitled to the opening and closing. The proponent of a will is the plaintiff; he has the affirmative in an issue of *devisavit vel non;* the burden is upon him to produce the instrument propounded as a will, and to prove its due execution as such. Therefore, under the rule stated, he is entitled to open and close the argument. Caruther's H. of L., Sec. 776; *Puryear* v. *Reese,* 6 Cold., 25; *Porter* v. *Campbell,* 2 Bax., 83.

It is sought to take this case out of the operation of the general rule by reference to the fact that in the making up of the issue for the jury it was admitted of record that the will of January 6, 1872, was duly executed.

This admission did not change the affirmative of the issue, or change the rights of the parties in the discussion to be made before the Court and jury. It simply dispensed with the production of proof which would otherwise have been required of the proponent, and stood in its room and stead. 2 Bax., 83.

That the burden of proving a revocation by the execution of a later will was then assumed by the appellees did not make them plaintiffs in fact, nor give them the rights of plaintiffs in the case. Starting out as plaintiff, McBee continued to occupy that relation through the entire trial, and was rightfully entitled to the benefit of opening and closing the argument, though the burden of proof was shifted from him in the progress of the case. *Alloway* v. *Nashville,* 4 Pickle, 527, 528.

It is also urged in support of the action of the trial Judge, that the peculiarity of the issue in this case gave appellees the right to open and close; that the paper-writing of March 2, 1872, was in fact the one under contest, and that they were before the Court as proponents.

This position cannot be successfully maintained. It is true that this case is unlike the usual one, in that the life of one paper, whose due execution and genuineness are condeded, is attempted to be destroyed by the establishment of a later one; and that in the issue submitted to the jury, appellees affirmed and appellant denied that the later paper was the last will and testament of the testator.

But this was only an incidental question, raised for the purpose of showing a revocation of the older paper, which had once been admitted to probate in common form, and which the records of both the County and the Circuit Courts recite was the paper contested. The order of the County Court directing that the cause be certified to the Circuit Court, begins by stating that "this is a proceeding to contest the will of Samuel Bowman, deceased, dated January 6, 1872." The issue of *devisavit vel non*, as made up in the Circuit Court, begins thus: "This is a contest of the will of Samuel Bowman, deceased, dated January 6, 1872."

Thus it is shown that in fact, as in law, the primary matter of contestation was the will of January 6, 1872. As to that McBee stood in the attitude of proponent and plaintiff. Therefore, under the general rule of practice, whose wisdom is too manifest to admit of question, he had the right to the opening and closing argument, notwithstanding the fact that the result of the contest depended on the validity or invalidity of the other instrument, concerning which by far the greater part of the testimony was introduced.

In the next place we will consider the assignment of error made upon that portion of charge relating to the *quantum* of evidence necessary to establish forgery in this case. It has already been stated that McBee's contention was, as against the paper produced by appellees, that it was a forgery. The forgery, as insisted by him, consisted in the

fraudulent changing of the date of that paper from March 2, 1869, to March 2, 1872. This he contended was apparent on the face of the paper, as well as established by other proof.

As applicable to this contention, the trial Judge instructed the jury that the same "strictness of proof" was not required to establish the forgery in this case as would be required in the trial of the offender on an indictment for the crime. His Honor then continued: "It can be established like any other issue of fact in a civil case, and that is by a preponderance of the testimony. This does not mean that it shall be established by the greater number of witnesses, but the character of the testimony, the means of knowledge the witnesses may have of the facts to which they testify, and all other circumstances being considered; or, in plain language, by the weight of the testimony, and this burden is upon the party alleging it. A jury, before passing upon an act considered as forgery, should do so with the full knowledge of the nature of the crime imputed and of all the facts surrounding it. It should appear with reasonable certainty that such is the case."

Aside from the question as to the *burden* of proof, it is insisted for appellant that the foregoing instruction placed too great a *weight* of proof on him—required him to establish the forgery by a greater weight of evidence than the law demands.

It will be observed that the jury was instructed

that the charge of forgery in this case could be established by "a preponderance of the testimony;" or, in other words, "by the weight of the testimony," and then his Honor concludes his instruction on this subject with the language: "It [the forgery] should appear with reasonable certainty."

This last utterance is to be taken as a definition of what had gone before on the same point, as an elucidation and summing up of the rule by which the jury was to be governed; and, to our minds, the whole instruction means, and was intended to mean, that, to establish the charge of forgery, it was incumbent on McBee to show the fact by that degree of preponderance or weight of testimony necessary to produce conviction of its existence with reasonable certainty. Or, to state the point even more briefly, McBee was required to prove the forgery "with reasonable certainty."

The instruction is manifestly erroneous. Reasonable certainty implies the absence of reasonable doubt. Telling a jury that they must be convinced of a fact *with reasonable certainty* is almost, if not quite, the same as telling them that they must be convinced of it *beyond a reasonable doubt.*

The distinction between criminal and civil cases, in respect to the degree or quantity of evidence necessary to justify a verdict for the plaintiff, is well settled. In civil cases a preponderance is all that is required. But in criminal cases the guilt of the accused must be shown beyond a reasonable doubt. 1 Green. on Evi., Sec. 13*a*; 3 Green. on

McBee *v.* Bowman.

Evi., Sec. 29; 2 Wharton on Evi., Sec. 1245; *Chapman* v. *McAdams*, 1 Lea, 500; *Hills* v. *Goodyear*, 4 Lea, 236; *Gage* v. *Railway Companies*, 4 Pickle, 726.

In the last of these cases, language similar in import to that under consideration here was held to devolve upon the plaintiff the necessity of making out his case beyond a reasonable doubt. 4 Pickle, 726.

The learned special Judge who tried the present case in the Court below, recognized the general distinction mentioned, but he seems to have regarded this case as one furnishing an exception to the general rule in civil cases, because the issue involved a charge of moral dereliction. In treating this as an exceptional case, and giving the exceptional instruction, he was within the authority of *Hills* v. *Goodyear*, 4 Lea, 236, where this Court declined to reverse on account of a charge in which the trial Judge told the jury "that, inasmuch as the facts set up as a defense involved serious charges of moral dereliction on the part of the plaintiff, they must be established clearly, and to the entire satisfaction of the jury." Naturally and properly, the learned counsel for appellees now cite and rely on that case to sustain the instruction of the Court in this one; and so it does. But, believing the decision on that particular point to be without support in authority and unsound in principle, we are constrained to overrule it and adhere to the old and familiar rule already an-

nounced. This case presents no ground for an
exception to that rule. It is unquestioned that in
a case like that one, or like this, the party
charged with a great moral wrong may, in addi-
tion to his other proof, introduce evidence of his
good character and invoke the legal presumption
of innocence. 1 Bax., 370; 2 Heis., 213; 1 Tenn.,
488.

All these must go into the scales on his side
of the case, and the aggregate of evidence thus
produced must be overcome by proof of the op-
posite party before the verdict can properly go
against him; but, at the same time, a mere pre-
ponderance of the evidence is sufficient to justify
that result. Only enough evidence to turn the
scales need be adduced by the other party. The
*amount* of evidence requisite to his defeat must
be greater than in the ordinary civil case, because
he has placed more weight in his side of the
scales; but the required *degree of preponderance* is
the same. The degree of conviction in the minds
of the jury may be the same where there is a
charge of crime in a civil case as where there is
no such charge, though more evidence is neces-
sary to overcome opposing testimony and produce
that conviction in the one case than in the other.
A preponderance in either case is sufficient.

One exception to the general rule was recog-
nized by this Court in the case of *Coulter* v.
*Stuart*, 2 Yer., 226, as early as 1828. In that
case it was decided, on good authority, that a

McBee *v.* Bowman.

plea justifying a charge of perjury in a civil action for slander must be sustained by the same *quantum* of proof as would be required to convict in a criminal prosecution.

We do not deny the soundness of that holding; that question is not before us. This case does not fall within that exception. We do not think another exception should be made, or that the one already established should be extended to embrace a case like this one. Hence, the recent case of *Hills* v. *Goodyear*, 4 Lea, 236, is disapproved.

For the errors mentioned, the judgment is reversed, and the case remanded for a new trial.

Judge Lea did not sit in this case.