W. A. BLACKBURN and WIFE v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY.

*Action on Insurance Policy—Fire Insurance—Assignment of Policy—Assent of Company to Assignment—Estoppel—Fraudulent Burning—Evidence—Exception to Charge, When Taken—Practice.*

1. The Trial Judge has authority to order the consolidation of several actions brought on concurrent policies of insurance on the same property.

2. Where, in an action on fire insurance policies, the defence was that the property was fraudulently burned by the insured, it was error to charge that such burning must be proved beyond a reasonable doubt; only a preponderance of testimony is required.

3. An exception to the charge to the jury, if made for the first time in the statement of case on appeal, is in time.

4. An assignment of a fire policy by a *feme covert*, without the consent of her husband, and to one having no interest in the property, is valid when it was assented to by the agent of the insurer and was not procured by false representations or suppression of facts. In such case, the defendant is estopped to deny the validity of the assignment.

CIVIL ACTION, tried before *McIver, J.*, and a jury, at March Term, 1895, of BUNCOMBE Superior Court, for the recovery upon a policy of fire insurance issued to Cynthia A. Blackburn, which by the consent of the defendant's agent, endorsed on the back, had been assigned to W. A. Blackburn, before the destruction of the property. The defendants after formerly denying portions of the complaint, for a further defence alleged :

" That the defendant is informed and believes that Geo. N. Blackburn, the father of the plaintiff, and William Blackburn, the plaintiff and Cyntha A. Blackburn unlawfully conspired, confederated, and agreed together, to burn

the hotel described in plaintiff's complaint, and in pursuance of said conspiracy and of his own wicked purpose and intent to defraud the defendant company the said plaintiff, William A. Blackburn, unlawfully and wilfully burned or caused to be burned the hotel described in plaintiff's complaint."

And for a further defence the defendant company alleged:

" That it is informed and believes that the plaintiff had no interest in the property described in the complaint at the date of the alleged assignment of said policy or at the time of the burning of the aforesaid property, or at the time of the commencement of this action."

When the case came on for trial it was by order of the judge, and by consent of counsel for both parties, consolidated with several other actions against other defendants whose policies were concurrent and covered the same property.

The 8th and 9th issues referred to in the opinion were a follows:

8. Did plaintiffs agree, conspire and confederate together to burn the hotel and furniture ?

9. Did W. A. Blackburn wilfully burn or cause to be burned the hotel and furniture described in the complaint?

Both of the said issues were answered in the negative.

In reference to issues, the jury also found that Cynthia A. Blackburn was the owner of the hotel at the date of the policy and at the time of the fire, and that W. A. Blackburn was the owner of the policy of insurance at the time of the fire.

The defendant's counsel asked for the following instructions:

1. That William A. Blackburn cannot recover for the

loss of the hotel if he was not the owner of the hotel at the time of fire.

2. That Cynthia A. Blackburn cannot recover for the loss of the hotel if she was not the owner of the policies of insurance at the time of the fire, as a union of subject matter of insurance and policies of insurance in the same person is necessary to a recovery.

His Honor charged as to the 8th issue as follows : "That the law presumes a wrong in no man and so the law presumes that plaintiffs did not conspire together, and the burden is upon the defendants who make the charge to establish it by a preponderance of evidence. If defendants fail to do so you should answer this issue, "No." If you find the facts and circumstances relied upon to establish the alleged conspiracy, existed, still if you find there is a reasonable hypothesis consistent with the innocence of the plaintiffs, you should respond "No" to the issue. You are not to infer that the plaintiffs conspired together to burn the hotel and furniture because the facts are consistent with the charge. The facts must be inconsistent with his innocence."

His Honor further charged the jury as to the 9th issue : "That the same rule of law prevails. The burden is upon the defendants to establish the affirmative of this issue by a preponderance of evidence, and if they fail to do so, you should respond "No" to the issue. You are not to infer that the plaintiff, W. A. Blackburn, wilfully burned the hotel and furniture because the facts and circumstances relied upon to establish the truth of the charge are consistent with it. The facts and circumstances must be inconsistent with his innocence."

The defendants took no exception to this charge upon the trial but in their statement of case on appeal they said : "To this charge defendants excepted."

When the jury returned their verdict to the Court the defendants moved for judgment thereon in favor of all the companies except The Orient Insurance Company, on the ground that the verdict disclosed that the hotel, for the loss of which plaintiffs were seeking recovery, was owned by Cynthia A. Blackburn at date of loss; and the policies were owned by William A. Blackburn at the date of loss; the defendants insisting that there must be a union of the subject matter of insurance and the policies of insurance in the same person to entitle either to recover, while the verdict showed that one plaintiff owned the property and the other the policies of insurance at date of loss.

This motion was overruled and the defendants excepted. Defendants then moved for a new trial for the refusal of the Court to give the instructions prayed by them, and for the errors in charge as given. This motion was overruled by the Court and the defendants excepted.

The judgment was then rendered by the Court in favor of the plaintiffs upon the findings of the jury, and the defendants excepted and appealed.

*Messrs. J. H. Merrimon, C. M. Stedman* and *Moore & Moore,* for plaintiffs.

*Messrs. M. E. Carter* and *Fry & Newby,* for defendant (appellant).

CLARK, J.: The consolidation of the five actions upon concurrent policies of insurance on the same property was consented to, but if it had not been the Judge had authority to so order, as there might properly have been only one action brought. *Pretzfelder* v. *Ins. Co.,* at this term.

The charge of the Court upon the 8th and 9th issues is not entirely clear, but it in effect amounts to an instruction that the defendants must show the conspiracy between the

plaintiffs to burn and also the burning by W. A. Blackburn " beyond a reasonable doubt," for the Court instructed the jury that there was a presumption of innocence and that they must find " that there was no reasonable hypothesis consistent with the innocence of the plaintiffs " and that it is not sufficient " that the facts and circumstances relied upon to establish the truth of the charge are consistent with it.   They must be inconsistent with his innocence." This is not the correct rule in civil actions which have nothing to do with guilt and innocence.   The burden was upon the defendants as to these two issues to prove their allegations, by the preponderance of the evidence, but not beyond a reasonable doubt.   It is true the authorities in other States are conflicting, but this is the general rule in civil actions and our Courts have seen no reason to depart from it.   *Kincade* v. *Bradshaw*, 10 N. C., 63 ; *Barfiield* v. *Britt*, 47 N. C., 41 ; *Outlaw* v. *Hurdle*, 46 N. C., 150. Both reason and the weight of authority, especially the later cases, sustain the proposition, that " in an action on a policy of insurance against fire, when the defendant pleads that the property was fraudulently burned by the plaintiff the defendant is not bound to prove such defence beyond a reasonable doubt."   *Blaeser* v. *Ins. Co.*, 19 Am. Rep., 747; *Elliott* v. *Van Buren*, 20 Am. Rep., 668 ; *Jones* v. *Greeves*, *Ibid*, 752 ; *Ins. Co.* v. *Johnson*, 21 Am. Rep., 223 ; *Kane* v. *Ins. Co.*, 23 Am. Rep., 239, citing Stevens on Evidence, Art. 94, p. 115 ; *Ins. Co.* v. *Berry*, 8 Kan., 159 ; *Munson* v. *Atwood*, 30 Conn., 102 ; *Wightman* v. *Ins. Co.*, 8 La., A., 442 ; *Marshall* v. *Ins. Co.*, 43 Mo., 586 ; *Rothschild* v. *Ins. Co.*, 62 Mo., 356 ; *Huchberger* v. *Ins. Co.*, 4 Bissell, 262 ; *Sibley* v. *Ins. Co.*, 9 Bissell, 31 ; *Ins. Co.* v. *Usaw*, 112 Pa. St., 80 ; *Ins. Co.* v. *Jachnichen*, 110 Ind., 59 ; *Mack* v. *Ins. Co.*, 4 Fed. Rep., 59 ; *Scott* v. *Ins. Co.*, ( by DILLON, J.) ; 1 Dillon C. C. Rep., 105 ; *Schmidt* v. *Ins. Co.*, 1 Gray

529; *Ellis* v. *Buzzell*, 60 Me., 209; *Ins. Co.* v. *Wilson*, 7 Wis., 169; *Matthews* v. *Huntley*, 9 N. H., 150; *Simmons* v. *Ins. Co.*, 8 W. Va., 474; 1 Gr. Ev., Sec. 13a, note; 2 Greenleaf Ev., Sec. 408, note b; Wharton Ev., Sec. 1246; 1 May on Ins., Sec. 583; Biddle Ins., 443; Wood Ins., Sec. 101.

The defendants took no exception to the charge at the time but in making out their statement of case on appeal they specifically excepted to the charge in this particular. This is in sufficient time for exceptions to the charge though not as to any other matters. *Lowe* v. *Elliott*, 107 N. C., 718, and other cases cited in Clark's Code (2nd Ed.) p. 383, and *Tillett* v. *Railroad*, at this term.

If the assignment of the policy by Cynthia A. Blackburn was defective because her husband did not join therein, she and her husband being parties to the action, the defendants can not complain, but taking the assignment as sufficient as to its execution, the defendants are estopped, for through their agents they assented to the assignment being made and there is neither allegation nor proof that there was any suppression of the facts or that said agents were misled or deceived in assenting thereto. It would be a fraud on the plaintiffs if the defendants could assent to the assignment, lull the assignee and assignor into a belief that the property was protected by the insurance and continue to receive the premiums, yet, when there is a loss by fire, could assert that they had been released from liability by an assignment which by their assent duly endorsed on the policy they had agreed might be made and which was relied on by the plaintiffs. It is very certain that if the defendants had not endorsed their assent the assignment would not have been made; else, why the care taken to procure such assent to be endorsed? It is true that the rule is that a policy of insurance against fire is not valid if taken out by, or if assigned

to, one who has no interest in the property insured. But here the defendants agreed that the plaintiffs might execute this assignment; it is not alleged that the companies had any representations made to them in order to procure their assent; that the assignee had an interest in the property and they were not incapacitated to give a valid and binding assent. That, under such circumstances, the assignment is valid and binding on the companies is held in *Ins. Co.* v. *Flack*, 56 Am. Dec., 748, and is noticed in *Bibend* v. *Ins. Co.*, 30 Cal., 78, where it is held that an assignment of this character is regarded in the light of a transfer of the right to receive the money that might become due upon the happening of a loss. *Fertilizer Co.* v. *Reams*, 105 N. C., 283, 295.

As the error only affects the verdict upon the 8th and 9th issues, a new trial is granted only as to them, the judgment being affirmed in all other respects. *Burton* v. *Railroad,* 84 N. C., 192, 201. *Tillett* v. *Railroad*, 115 N. C., 662.

New Trial.