112   230
s116   679

FINLEY v. WIDNER.

1. SLANDER—GENERAL REPUTATION—EVIDENCE.
    Evidence of the general reputation of a driver of race horses for dishonesty in failing to account to the owners for the winnings of horses driven by him is admissible on the question of damages in an action by him for alleged slander in charging him with theft in that he retained the winnings of defendant's horse.

2. SAME—JUSTIFICATION—INSTRUCTIONS.
    Such evidence is not competent, however, in support of defendant's plea of justification, and it is error for the circuit judge to refuse so to instruct the jury.

3. SAME—BURDEN OF PROOF.
    Plaintiff in an action for slander having shown the utterance of slanderous words in the presence of third persons, the burden is upon the defendant to prove his justification.

4. SAME.
    Justification for the utterance of slanderous words imputing the commission of a felony may be established by a preponderance of the evidence only; it being unnecessary to produce a record of conviction, or to show plaintiff's guilt by evidence sufficient to convict him if he were on trial for the crime charged.

Error to Alpena; Kelley, J. Submitted February 5, 1897. Decided March 23, 1897.

Case by William Finley against John A. Widner for slander. From a judgment for defendant, plaintiff brings error. Reversed.

*J. D. Turnbull*, for appellant.

*Dafoe & Gustin*, for appellee.

MOORE, J. This is an action of slander brought because of certain words spoken by defendant. The declaration contains the usual formal allegations in a declaration in slander, and has three counts. The first count charges defendant with declaring to plaintiff: "You are a damn thief; you are a damn robber." The second count charges defendant ·with declaring of the plaintiff: "My professional driver did me up for over three hundred dollars." The third count charges defendant with stating concerning plaintiff: "He robbed and beat me out of three or four hundred dollars." The plea is the general issue, with notice that defendant would justify the speaking of the words, etc., and prove they were true; denying that plaintiff was a man of good character in his particular profession, as alleged in his declaration, and setting up specific acts of misconduct of plaintiff, committed by plaintiff in his business relations with his employers. The case was tried before a jury, who rendered a verdict for defendant. Plaintiff appeals.

The record shows that plaintiff's business was training and driving horses; that in February, 1895, he entered into the employment of defendant, to train and take care of defendant's mare called "Laundry Girl," and was to receive pay for his work by the week, and that this arrangement continued up to August 10, 1895, when plaintiff and defendant settled up in full and a new agreement was made. Defendant wanted to sell the mare, and sent her away from Alpena for the purpose of selling her.

Plaintiff was to train and drive her, and receive for his work $12 per week and expenses. The defendant was at the races at Port Huron and Detroit, and attended to the entering of the mare in races and drew her winnings. Defendant tried to sell the mare after the Detroit races, which occurred September 3, 1895. Plaintiff returned to the city of Alpena in October, 1895. He went to defendant's office, and defendant, in his private office, declared the slanderous words set forth in count 1 of the declaration, and at other times in said city declared and published the words alleged in the other counts of the declaration. The trouble which resulted in plaintiff's bringing this action grew out of the refusal of plaintiff to turn over to defendant the winnings of "Laundry Girl" won at races at several places after the 3d day of September, 1895. It was the claim of the plaintiff that defendant had tired of his experience as the owner of the mare, and gave her to plaintiff. The defendant denies this, and claims that plaintiff was to look after the mare, enter her in the races, sell her if he could, and keep track of his receipts and expenditures, and was to account to defendant for the proceeds. It is further claimed that plaintiff received winnings from the mare; that, when he was called upon to account for what was due defendant, he then claimed to own the mare, and refused to turn over her winnings or the amount for which she was sold; and that because of this the words were spoken, and that they were justified by the action of the plaintiff.

Defendant was allowed to show what the general reputation of the plaintiff had been in reference to honor and integrity in turning over moneys that came to him as earnings of horses he had driven. This is assigned as error. We think the testimony was competent as bearing upon the question of damages. It was not competent as bearing upon the question of justification, and the jury should have been so instructed, as requested by the plaintiff. *Fowler* v. *Gilbert*, 38 Mich. 296.

The court was requested to charge the jury that the

burden was upon the defendant to prove the truth of his justification. This the court refused to do, and charged the jury two or three times over that the burden of proof was upon the plaintiff, not only to establish the speaking and uttering of the words alleged to be slanderous, but that the words, when uttered, were false. It is said by plaintiff that, to support a plea of justification, defendant must produce a record conviction of the crime, or else show plaintiff's guilt by evidence sufficient to convict him if he were on trial for such crime. We do not think this contention, or the charge of the court, is a correct statement of the law. When the plaintiff has shown the uttering of the words that are slanderous, in the presence of other persons than the plaintiff and defendant, he has established his cause. The burden is then upon the defendant to prove his justification. If he establishes his justification by a preponderance of evidence, it will be sufficient. *Peoples* v. *Evening News*, 51 Mich. 12; *Bell* v. *McGinness*, 40 Ohio St. 204 (48 Am. Rep. 673), and cases there cited.

The other assignments of error do not require discussion. For the errors pointed out the judgment is reversed, and a new trial ordered.

The other Justices concurred.