FLEMING *v.* WALLACE.

(*Nashville.* December Term, 1905.)

1. **SLANDER.** Plea of justification sustained by preponderance of evidence.

 The general rule, in civil actions, is that a preponderance of evidence is all that is necessary to sustain a contention of fact; therefore, in an action for slander, for falsely charging plaintiff with a felony, a preponderance of the evidence is all that is required to sustain a plea of justification.

 Case cited, distinguished and limited to its particular facts: Coulter v. Stewart, 2 Yerg., 225.

 Cases cited: Chapman v. McAdams, 1 Lea, 505; Hill v. Good-year, 4 Lea, 233; McBee v. Bowman, 89 Tenn., 132; Brown v. Tourtelotte, 24 Col., 204; Grimes v. Hilliary, 150 Ill., 141-46; Nebraska Nat. Bank v. Johnson, 51 Nebr., 546; Campbell v. Burns, 94 Me., 127; Sparta v. Lewis, 91 Tenn., 370; Hearne v. DeYoung, 119 Cal., 670; Atlanta Journal v. Mayson, 92 Ga., 640; Ellis v. Bussell, 60 Me., 209-13; Finley v. Widner, 112 Mich., 230; Blackburn v. Ins. Co., 116 N. C., 821; First Nat. Bank v. Commercial Assurance Co., 33 Ore., 43; Bell v. State, 124 Ala., 94; Knowles v. Scribner, 57 Me., 495; People v. Christman, 66 Ill., 162.

2. **SAME.** Same. Reasonable doubt rule does not apply. Case in judgment.

 Action for slander in falsely charging plaintiff with a felony in cutting defendant's line and corner tree. Plea of justification by defendant. Upon the issue thus made the court instructed the jury as follows: "Now, in a charge of this sort against the plaintiff, the presumption of innocence attaches to the party till that presumption is overturned by a preponderance of the evidence, and the evidence must be strong enough, not only to overturn the presumption of innocence, but to show from

Fleming v. Wallace.

the evidence that the charge set up in the plea of justification is true." Thereupon plaintiff submitted the following request: "The burden of proof is on the defendant to show the truth of his plea of justification, and he must show the truth by such proof as will convince your minds of its truth beyond a reasonable doubt." There was a verdict for the defendant.

*Held*: Plaintiff was not prejudiced by the instructions given, and was not entitled to the charge asked, applying the rule of reasonable doubt.

## FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson County.—J. A. CARTWRIGHT, Judge.

HENDERSON & HENDERSON and C. R. BERRY, for Fleming.

WHITE & WATKINS, for Wallace.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

This is an action to recover damages for an alleged slander. The declaration alleges that defendant falsely and maliciously charged plaintiff with a felony, to wit, that "plaintiff had cut his [defendant's] line and corner tree, and got a number of feet of his land, that defend-

ant could prove this, and that he was going to sue and prosecute plaintiff for it."

Defendant first filed a plea of the general issue, but during the progress of the trial, after the examination of the witness G. T. Cathey on the part of the plaintiff, defendant was permitted by the court to file a plea of justification. There was a verdict and judgment in favor of the defendant. The plaintiff appealed and has assigned errors.

The fourth assignment of error is based upon the following instruction of the trial judge, viz.: "Upon the issue raised under the plea of justification, the burden of proof is shifted from the plaintiff to the defendant to show by a preponderance of the evidence that the charge alleged to have been made by the defendant was true as a matter of fact. Now, in a charge of this sort against plaintiff, the presumption of innocence attaches to the plaintiff till that presumption is overturned by a preponderance of the evidence, and the evidence must be strong enough, not only to overturn the presumption of innocence, but to show from the evidence that the charge set up in the plea of justification is true."

It is insisted by counsel for the plaintiff in error that the court did not go far enough in charging upon the burden of proof, and that he should have charged, in addition to the above, plaintiff's request No. 2, as follows: "The burden of proof is on the defendant to show the truth of his plea of justification, and he must show

the truth by such proof as will convince your minds of its truth beyond a reasonable doubt."

The supplemental request was evidently based upon the case of *Coulter* v. *Stuart*, 2 Yerg., 225, an action for slander wherein the words laid in by the declaration charged the plaintiff with perjury. The defendant pleaded justification. The trial judge instructed the jury that, since the plea imputed the crime of perjury to the plaintiff, the defendant, who was the only witness to the perjury, was bound to sustain himself by the oath of two witnesses, or one witness and strong corroborating circumstances.

This court held the instruction to be correct, and that to prove or fix the charge upon the plaintiff a civil case should require the same quantum of proof which would be required to convict him upon a criminal prosecution. This case was cited in *Chapman* v. *McAdams*, 1 Lea, 505, as an exception to the rule. In a civil case, *Coulter* v. *Stuart* was again cited in *Hill* v. *Goodyear*, 4 Lea, 233, 40 Am. Rep., 5, in which the court said:

"At an early day one exception to this rule was recognized, which is not sustained by the weight of authority. If, in an action for libel or slander, the defendant rely in justification upon the truth of the defamatory charge, he is held to prove it beyond a reasonable doubt. *Chalmers* v. *Shackell*, 6 C. & P., 478; *Woodbeck* v. *Keller*, 6 Cow. (N. Y.), 118; 2 Greenleaf on Evidence, sec. 426.

"Following the exception, it has been held in this State that a plea justifying a charge of perjury must

be sustained by two witnesses, or one witness with strong corroborating circumstances"—citing *Coulter* v. *Stuart*, 2 Yerg., 225.

In *McBee* v. *Bowman*, 89 Tenn., 132, 14 S. W., 481, this court said: "One exception to the general rule was recognized by this court in the case of *Coulter* v. *Stuart*, 2 Yerg., 226, as early as 1828. In that case it was decided on good authority that a plea justifying a charge of perjury in a civil action for slander must be sustained by the same quantum of proof as would be required to convict in a criminal prosecution. We do not deny the soundness of that holding. That question is not before us. This case does not fall within that exception."

A careful examination of the opinion in *Coulter* v. *Stuart*, supra, will show the court did not hold that, in an action of slander imputing any crime to the plaintiff, the plea of justification should be established beyond a reasonable doubt; but it simply held that, in an action of slander imputing to the plaintiff the crime of perjury, the same quantum of proof is necessary which would be required to convict him upon a criminal prosecution. In that case the trial judge charged that the defendant was bound to sustain his plea of justification by the oath of two witnesses or one witness and strong corroborating circumstances. And this court held the instruction was proper. The reason of the rule was that the oath of the plaintiff in which perjury is

ascribed to him could not be overcome by the oath of a single witness.

It was held by this court in *McLarin* v. *State, 23.* Tenn., 381, that upon an indictment for perjury the testimony of a single witness is insufficient to convict. Moreover, the rule is well settled that in an indictment for perjury the defendant's guilt must be established beyond reasonable doubt.    Elliott on Evidence, vol. 4, sec. 3071.

The case of *Coulter* v. *Stuart* is exceptional, and the rule therein announced must be limited to an action for slander wherein it appears the defendant imputed to the plaintiff the crime of perjury and files a plea of justification; but this rule has not been applied, so far as we are advised, by any reported decision of this court to actions of slander imputing other crimes than that of perjury.    The authority of that case must, therefore, be limited to its precise facts and is not controlling in the present instance.

In Meig's Digest (2d Ed.), p. 1433, the author says: "The tendency of modern decisions is to do away with any exception to the rule.    The general rule has been adhered to in other cases involving issues charging or implying crime.    In an action on a promissory note, it has been held that the defense that the note was obtained by false and fraudulent representations might be sustained by a preponderance of evidence as in other cases, though the defense was based on a charge of fraudulent representations, such as might be the subject of a crim-

inal prosecution. So, where the action was in trespass for burning the plaintiff's building, and the evidence showed that defendant was guilty of the trespass, had set fire to the building designedly, and was guilty of arson, it was held the issue would be determined by a fair preponderance of the evidence."

Mr. Wigmore, in his recent work on Evidence (volume 4, sec. 2498), says: "But the chief topic of controversy has been whether, in certain civil cases, the measure of persuasion for criminal cases should be applied. Policy suggests that the latter test should be strictly confined to its original field, and that there should be no attempt to employ it in any civil case. Nevertheless the effort has been made (though usually without success) to introduce it in certain sorts of civil cases where an analogy seems to obtain: (1) It is sometimes said that, in general, whenever in a civil case a criminal act is charged as a part of the case, the rule for criminal cases should apply; but this has been repudiated. (2) Nor is such a doctrine better established for individual kinds of cases. It does not apply to an action for a statutory penalty, nor to a plea of truth to an action for a defamatory charge of crime; nor to a plea of arson by the insurer in an action on a policy of fire insurance; nor in disbarment proceedings; nor in a proceeding for contempt, etc."—citing *Brown* v. *Tourtelotte,* 24 Colo., 204, 50 Pac., 195; *Grimes* v. *Hilliary,* 150 Ill., 141, 146, 36 N. E., 977; *Nebraska Nat. Bank* v. *Johnson,* 51 Neb., 546, 71 N. W., 294; *Campbell*

v. *Burns,* 94 Me., 127, 46 Atl., 812; *Sparta* v. *Lewis,* 91 Tenn., 370, 23 S. W., 182 (municipal ordinance forbidding battery); *Hearne* v. *De Young,* 119 Cal., 670, 52 Pac., 150, 499; *Atlanta Journal* v. *Mayson,* 92 Ga., 640, 18 S. E., 1010, 44 Am. St. Rep., 104; *Ellis* v. *Buzzell,* 60 Me., 209-213, 11 Am. Rep., 209; *Finley* v. *Widner,* 112 Mich., 230, 70 N. W., 433; *Blackburn* v. *Insurance Co.,* 116 N. C., 821, 21 S. E., 922; *First Nat. Bank* v. *Commercial Assurance Co.,* 33 Or., 43, 52 Pac., 1050; *Bell* v. *State,* 124 Ala., 94, 27 South., 414; *Knowles* v. *Scribner,* 57 Me., 495 (leading case); *People* v. *Christman,* 66 Ill., 162.

In Greenleaf on Evidence (15th Ed.), sec. 13, note, it is stated that the established modern rule is that only a preponderance of evidence is necessary to support the plea of justification in an action imputing crime.

Mr. Elliot, in his work on Evidence (volume 3, sec. 2456), adds the weight of his opinion to the rule already announced in the following language, viz.: "In civil actions, according to the weight of authority and the better reason, even though the charge imputes to the plaintiff the commission of a crime, it is sufficient for the defendant to satisfy the jury of the truth of his justification by a preponderance of the evidence"—citing a large number of authorities. The author states that there are a few authorities which hold that he (defendant) must prove plaintiff guilty beyond a reasonable doubt, citing the authorities.

As must have already been seen, the particular crime

imputed by the defendant to the plaintiff in the case now under consideration was that he had cut a line and corner tree, which offense is by our statute made a felony. Without overruling *Coulter* v. *Stuart,* supra, and confining it strictly to the facts of that particular case wherein it was charged that the defendant had imputed to the plaintiff the crime of perjury, we are of opinion the the plea of justification in the presence case, and the quantum of proof necessary to sustain it, is controlled by the general rule, recognized in this State, that a preponderance of evidence is all that is necessary to sustain a contention of fact.

Recurring to the charge of the trial judge, it will be perceived that he instructed the jury that the evidence in support of the plea of justification must be strong enough, not only to overturn the presumption of plaintiff's innocence, but to show that the charge set up in the plea of justification is true. Certainly the plaintiff cannot justly complain of this charge, and we hold he was not entitled to the charge asked applying the rule of reasonable doubt. Let the judgment be affirmed.