JAMES M. LAY *v.* M. L. LINKE.

*(Knoxville.*   September Term, 1909.)'

**LIBEL AND SLANDER.** Evidence required to sustain plea of justification in an action of slander for alleged false charge of perjury.

To sustain the defendant's plea of justification in an action for slander, predicated upon an alleged false accusation of perjury made by the defendant against the plaintiff, the defendant must prove the charge by two witnesses, or by one witness and strong corroborating circumstances, because the plaintiff testified under oath when making the statement charged to be false, and this cannot be overcome by the oath of a single witness; but a preponderance of the evidence suffices, as in other civil cases, and the accusation need not be proved beyond a reasonable doubt, as is required in criminal cases.

Cases cited and distinguished: Coulter v. Stuart, 2 Yerg., 225, 226; McLarin v. State, 4 Humph., 381; Chapman v. McAdams, 1 Lea, 505; Hill v. Goodyear, 4 Lea, 233; McBee v. Bowman, 87 Tenn., 141; Fleming v. Wallace, 116 Tenn., 20.

---

FROM CAMPBELL.

---

Appeal in error from the Circuit Court of Campbell County to the Court of Civil Appeals, and writ of *certiorari* from the Court of Civil Appeals to the Supreme Court.—G. M'c. HENDERSON, Judge.

122 Tenn—28

JOHN JENNINGS, JR., for plaintiff.

J. C. J. WILLIAMS, for defendant.

_____

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an action of slander brought by James M. Lay against M. L. Linke, predicated upon an alleged false accusation of perjury made by the defendant against the plaintiff. The pleas were not guilty and justification. The presiding judge instructed the jury, substantially, that the defendant to sustain his plea of justification must produce evidence sufficient to convict the plaintiff of the crime of perjury; that he must prove the truth of the accusation beyond a reasonable doubt.

The verdict and judgment were for the plaintiff. The court of civil appeals held that the instruction of the trial judge was erroneous, and this action is here assigned as error.

The instruction given by the trial judge was doubtless based upon the opinion of the court in *Coulter* v. *Stuart,* 2 Yerg., 225, and referred to in the subsequent cases of *Chapman* v. *McAdams,* 1 Lea, 505; *Hill* v. *Goodyear,* 4 Lea, 233, 40 Am. Rep., 5; *McBee* v. *Bowman,* 89 Tenn., 141, 14 S. W., 481, and *Fleming* v. *Wallace,* 116 Tenn., 20, 91 S. W., 47.

These cases, while the first may be said to be misleading upon this subject, when rightly considered, do not so hold.

The case presented in *Coulter* v. *Stuart*, is there stated in these words:

"The court on the trial was called upon to instruct the jury that, this being a civil action, one witness was sufficient to sustain the plea of justification. The court refused so to charge, but instructed the jury that, as this plea imputed the crime of perjury to the plaintiff, the defendant was bound to sustain himself by the oath of two witnesses, or one witness and strong corroborating circumstances."

This was before parties were competent to testify in their own behalf.

Judge Peck, delivering the opinion of the court, holding that this was not error, said:

"To prove [perjury] or fix the charge [perjury] upon the plaintiff in a civil case should require the same *quantum* of proof which would be required to convict him upon a criminal prosecution. The record evidence of a suit, with the averment of an oath having been taken falsely in that suit, is as much before the jury in the civil action as on the indictment; so is the fact of oath against oath, and therefore the rule of evidence to bring out the fact of perjury must be the same in both cases."

This last statement was *dictum*. The trial judge had not so charged the jury; the instructions being that,

since the plea of justification imputed a crime of perjury to the plaintiff, the defendant was bound to sustain himself by the oath of two witnesses, or one witness and strong corroborating circumstances. This was correct, and is unquestionably the rule now in this State. It is, however, far from an instruction that the proof necessary to sustain a plea of justification must be sufficient to convict the plaintiff of perjury, or to show that the testimony given by him was false beyond a reasonable doubt.

*McBee* v. *Bowman,* supra, was an action of *devisavit vel non,* in which it was contended that the will in question was forged. The trial judge instructed the jury, in substance, that the forgery, since it imputed a felony, must be established beyond a reasonable doubt. It was held that this was error, and, although the charge imputed a crime, a preponderance of evidence, as in other civil actions, would prevail. The only reference to *Coulter* v. *Stuart* is in these words:

"One exception to the general rule was recognized by this court in the case of *Coulter* v. *Stuart,* 2 Yerg., 226, as early as 1828. In that case it was decided, on good authority, that a plea justifying a charge of perjury in a civil action for slander must be sustained by the same *quantum* of proof as would be required to convict in a criminal prosecution. We do not deny the soundness of that holding. That question is not before us. This case does not fall within that exception. We do not think another exception should be

made, or that the one already established should be extended to embrace a case like this one."

*Fleming* v. *Wallace,* supra, was an action for slander for falsely charging the defendant with cutting a corner tree of the plaintiff, and it was held that a plea of justification, although the charge was of felony, would be sustained by a preponderance of the evidence. It is there said:

"A careful examination of the opinion in *Coulter* v. *Stuart,* supra, will show the court did not hold that, in an action of slander imputing any crime to the plaintiff, the plea of justification should be established beyond a reasonable doubt; but it simply held that, in an action of slander imputing to the plaintiff the crime of perjury, the same *quantum* of proof is necessary which would be required to convict him upon a criminal prosecution. In that case the trial judge charged that the defendant was bound to sustain his plea of justification by the oath of two witnesses, or one witness and strong corroborating circumstances. And this court held the instruction was proper. The reason of the rule was that the oath of the plaintiff in which perjury is ascribed to him could not be overcome by the oath of a single witness.

"It was held by this court in *McLarin* v. *State* [4 Humph.], 23 Tenn., 381, that upon an indictment for perjury the testimony of a single witness is sufficient to convict. Moreover, the rule is well settled that in an indictment for perjury the defendant's guilt must be

established beyond a reasonable doubt. Elliott on Evidence, vol. 4, sec. 3071.

"The case of *Coulter* v. *Stuart* is exceptional, and the rule therein announced must be limited to an action for slander wherein it appears the defendant imputed to the plaintiff the crime of perjury and files a plea of justification; but this rule has not been applied, so far as we are advised, by any reported decision of this court to actions of slander imputing other crimes than that of perjury. The authority of that case must, therefore, be limited to its precise facts, and is not controlling in the present instance."

While these cases have thrown some doubt upon the question, we think the original case has been misunderstood, and that the sound rule, supported by principle and the weight of authority is that a preponderance of evidence is all that is necessary to sustain a plea of justification in an action of this character.

Mr. Wigmore in his work on Evidence (volume 4, sec. 2498), says:

"But the chief topic of controversy has been whether in certain civil cases the measure of persuasion for criminal cases should be applied. Policy suggests that the latter test should be strictly confined to its original field, and that there ought to be no attempts to employ it in any civil case. Nevertheless an effort has been made (though usually without success) to introduce it in certain sorts of civil cases where an analogy seems to obtain. It is sometimes said that, in general, where

in a civil case a criminal act is charged as a part of the case, the rule for criminal cases should apply; but this has been generally repudiated."

In Newell on Slander and Defamation, p. 746, it is said:

"Where perjury is charged, the evidence of two witnesses, or one witness and corroborating circumstances, is necessary to sustain a plea of justification; but the requisite being adduced, however it may conflict with other testimony, as in any other civil case, the jury must weigh it, and will be warranted in finding a verdict in support of the plea, although they may not be satisfied of the truth beyond a reasonable doubt."

It is true, from the very nature of the action and the plea, that to sustain the latter the defendant must prove the charge by two witnesses, or one witness and strong corroborating circumstances, since the plaintiff testified under oath when making the statement charged to be false, and this cannot be overcome by the oath of a single witness. This particular proof is therefore necessary to sustain a plea of justification imputing perjury; but, upon the whole evidence offered by both sides, the issue must be found for the party in whose favor the evidence preponderates, as other issues in civil actions.

The judgment of the court of civil appeals is affirmed, and the case remanded for a new trial.