KEYS et al. v. KEYS, No. 1.—129 S. W. (2d), 1103.

Eastern Section.    March 8, 1939.

Petition for Certiorari denied by Supreme Court, June 10, 1939.

190

Vines, Hawkins & Bryant and Price & Price, all of Johnson City, Robert Burrow, of Bristol, and Smith & Barron, of Jonesboro, for plaintiffs in error.

Simmonds & Bowman and J. A. Lee, all of Johnson City, for defendant in error.

McAMIS, J. George W. Keys, a resident of Johnson City, Washington County, Tennessee, died on May 23, 1936, leaving an estate, consisting of real and personal property, valued at $180,000. On Monday, following his death on Saturday preceding, his lock-box at the Hamilton National Bank of Johnson City was opened and, among other valuable papers, was found a purported holographic will devising the entire estate to his widow, Mrs. Carla Burnham Keys.

The will was offered for probate in the County Court of Washington County at Jonesboro where the present contest, upon the issue of devisavit vel non, by the heirs at law, sisters of the deceased, was instituted. Proponent moved the court to certify the papers to the Law Court at Johnson City but this motion was overruled and the papers were certified to the Circuit Court of Washington County sitting at Jonesboro. In the Circuit Court proponent moved the Court to transfer the case for trial to the Law Court at Johnson City where it was insisted, because of the residence of the deceased and proponent and other parties to the contest in the Civil District in which Johnson City is located, the case should properly be tried under the Act of the Legislature creating the Law Court at that place. The motion was sustained and a trial before a jury in the Law Court resulted in a finding, approved by the trial judge, sustaining the will. Contestants have appealed in error to this court and assigned errors.

By the first two assignments of error it is insisted in behalf of contestants, as the principal ground for reversal, that the court erred in charging the jury, in substance, that the burden of establishing the due execution of the will was upon the proponent in the first instance but that, after the proponent had established that the will was wholly in the handwriting of the alleged testator and signed by him, the burden thereupon shifted to the contestants to show by a preponderance of the evidence that the will was a forgery and erred

in declining to charge the reverse of this proposition as requested by contestants.

Proponent has moved the court to strike these assignments of error because neither the charge of the court nor contestants' special requests are contained in the bill of exceptions. We find this motion without merit for the reason that it satisfactorily appears from the judgment of the court overruling the motion for a new trial, that the court charged the jury as insisted under assignment of error number one and declined to charge, as requested by contestants, that the burden of proof remained with proponent. See Toomey, Recr., v. Goad, 12 Tenn. App., 80.

The motion to strike other assignments of error because the record shows affirmatively that the bill of exceptions does not contain all of the evidence is also found without merit and is overruled.

The only attack made upon the will is that it is a forgery. The lock-box containing the will and other valuable papers of the deceased was opened in the presence of several witnesses, several of whom were wholly disinterested, and there is nothing appearing upon the face of the paper, the place of its lodgement or the circumstances under which it was found after the death of Mr. Keys casting doubt upon its authenticity. We think the court was correct in giving the charge complained of under the first assignment of error and in declining the special request of contestants to which the second assignments is directed.

The question of the due and legal execution of a will is one for the determination of the court. In the case of a holographic will if the court determines upon the evidence offered by proponent, assuming it to be true, that the statutory requisites of such a will (Code, sec. 8090) have been met it then becomes, prima facie, a valid will, and, no suspicious or other circumstances appearing tending to impeach its validity, it may be read in evidence "to be looked to by the jury for any inherent proof of regular or irregular execution or attestation; or of its being the voluntary act of the testator or otherwise; or of the existence or want of mental capacity on the part of the testator; or as otherwise shedding light upon the issue." Pritchard on Wills, Second Ed., sec. 369.

The same authority (section 373) states the rule as to the burden of proof as follows:

"After the will has been produced and its formal execution established, and, in cases where the doubtful capacity or illiteracy of the testator or other circumstances of suspicion make it necessary to do so, after the proponent has removed the doubt or suspicion by proof, and the will has been admitted in evidence and read to the jury, the burden is cast upon the assailing party to show the facts relied upon to avoid the will. The grounds of impeachment may be as various as the grounds upon which the validity of the will

depends, and as these already have been fully shown, it is unnecessary to enumerate in detail the different matters upon which the contestant may rely . . .'' See also 68 C. J., sec. 747, pp. 979, 980.

■ The above text statement of the rule is supported by many cases in this State, including Bartee v. Thompson, 8 Baxt., 508, 511; Key v. Holloway, 7 Baxt., 575, 576; Puryear v. Reese, 6 Cold., 21, 24; McBee v. Bowman, 89 Tenn., 132, 14 S. W., 481; Warren v. Warren, 11 Tenn. App. 338, 340, and Hager v. Hager, 13 Tenn. App., 23, but none of these cases appear to deal specifically with the burden of proof upon an issue of forgery. Admitting the general rule, it is insisted in behalf of contestants that where the issue of forgery is made by the pleadings the burden of proof remains upon the proponent throughout the trial. The case of Mobley v. Lyon, 134 Ga., 125, 67 S. E. 668, 137 Am. St. Rep., 213, 19 Ann. Cas., p. 1004, cited by contestants, appears to support their insistence that where forgery is asserted by contestants the burden of proof rests upon the proponent to establish the affirmative of that issue. It does not appear from the opinion what the general rule is in that State with respect to the burden of proof upon an issue of devisavit vel non based upon other grounds of contest and the case cited is not to be treated as an authority supporting the contestants' contention that an exception to a general rule of practice, where such exists is to be made where the ground of contest is forgery.

In McBee v. Bowman, 89 Tenn., 132, 14 S. W., 481, two wills were offered for probate in the same proceeding. One of the wills was attacked upon the ground of forgery. It was apparently assumed, though the point was not directly decided, that the burden of proof was upon the party claiming that the second will was forged. It has been the usual practice to place the burden of proving forgery upon the contestant. It often occurs that a will is contested upon more than one ground. To recognize an exception upon the issue of forgery, where there are other grounds of conests, would place the burden of proving that the will was not a forgery upon proponent while the contestant would be compelled to carry the burden upon the other issues, giving rise to confusion in the order of introducing proof and conflicting rights in respect to opening and closing the argument before the jury. We see no reason why the burden of proof should be any more upon the proponent in the one case than in the other and, for the sake of harmony in practice if for no other reason, we think such an exception should not be recognized. The first two assignments of error are, accordingly, overruled.

■■ Assignments three and four are directed to the action of the court in excluding the testimony of Fred W. Hoss offered as an expert on handwriting by contestants. It appears that Mr. Hoss has been interested in the study of handwriting for many years and made some study of the subject some twenty years before he was

offered as a witness. In later years he appears to have regarded it as a hobby. In the last ten or twelve years he has been a court reporter, and, a part of the time, employed by a newspaper. It does not appear that he has kept abreast of developments in this science or that his occupation during recent years has been such as to give him the status of an expert.

The qualification of a witness as an expert is a matter largely within the discretion of the trial court whose ruling in respect to such witnesses will not be reversed upon appeal unless clearly erroneous and unless there was an abuse of discretion. See McElroy v. State, 146 Tenn., 442, 242 S. W., 883 and cases therein cited.

We find no abuse of discretion in the action of the court in holding Mr. Hoss not qualified as an expert witness. Other experts, tendered by contestants, were permitted to testify and the testimony of Mr. Hoss was largely, if not entirely, cumulative. The assignments complaining of this action are overruled.

Assignments five and six have been considered and found without merit. These assignments appear not to be seriously insisted upon and will be overruled without comment. The eighth assignment of error that the verdict of the jury is against the greater weight of the evidence and that the weight of the evidence preponderates against the verdict of the jury presents no issue for determination by this court and is also overruled.

Finally, it is insisted that the court erred in transferring the case from the Circuit Court of Washington County at Jonesboro to the Law Court at Johnson City for trial.

The general law providing for the certification of will contests from the county court, Code, Section 8103, requires the papers to be sent from the county court to the circuit court which has exclusive jurisdiction in cases involving contested wills.

The Act creating the Law Court at Johnson City, Chapter 4 of the Acts of the Assembly for the year 1891, provides that it shall constitute one of the courts of the First Judicial Circuit, with jurisdiction over "all causes of a civil nature arising within said Ninth Civil District." Section 10.

In Chambers v. Sanford & Treadway, 154 Tenn., 134, 289 S. W., 533, 534, a Workmen's Compensation case, the court said:

"Chapter 4, Acts of 1891, creating the law court of Johnson City, established it a court of the First judicial circuit, presided over by the judge of the circuit and clothed him with authority to exercise all of the powers and perform all the duties conferred by law upon circuit judges of this state. The act gave the court general jurisdiction over civil actions cognizable in the circuit court." See also Johnson City Buick Company v. Johnson, 165 Tenn., 349, 54 S. W. (2d), 946, also construing the same Act.

Cases arising under the Workmen's Compensation Statute, Code

1932, sec. 6851 et seq., are triable, under the provisions of the Act, in the circuit, chancery or county courts, just as will contests, by statute, are to be certified to the circuit court. No mention is made in either of these general statutes of special law and chancery courts such as the Law Court at Johnson City. It was held that the Law Court, nevertheless, had jurisdiction to try cases arising under the statute and we think the same reasoning supports the action of the circuit judge in transferring this case to the Law Court for trial. In the sense of the statute this case arose in the 9th Civil District where the testator resided at the time of his death.

We do not think proponent should be held estopped from challenging the jurisdiction of the Circuit Court at Jonesboro because, while the case was pending in the County Court and before it was certified to the Circuit Court, she applied to that Court for a writ of certiorari and supersedeas to have stayed an order of the County Court requiring the production of certain privileged matter. The petition in that case was directed against the County Judge of Washington County as well as against contestants and was in the nature of an independent proceeding having nothing to do with the issue of devisavit vel non. The question of jurisdiction appears not to have been made in that proceeding and we are not now passing upon the question of jurisdiction of such a proceeding. If it was erroneously brought into circuit court no harm resulted to contestants in connection with the issue now under consideration and the elements of estoppel are wanting.

We find no error in the judgment below and it is affirmed with costs.

Portrum and Ailor, JJ., concur.