# HAYNES v. MULLINS.—209 S. W. (2d) 278.

Eastern Section.   November 24, 1947.

Petition for Certiorari denied by Supreme Court, January 28, 1948.

John P. Davis, of Tazewell, Thurman Ailor, of Knoxville, and Joseph W. Wolfenbarger, of Rutledge, for plaintiff in error.

Jenkins & Jenkins and Everett M. Smith, all of Knoxville, for defendant in error.

McAMIS, J. This is a will contest, tried below before the court and a jury on the issue of forgery. The jury returned a verdict against the will and the proponent has appealed in error to this court.

Maggie M. Haynes died June 17, 1946. Referring to the parties as they appeared in the trial court, she left surviving her the proponent, her husband, and the contestants who are the surviving children. By the terms of the paper offered for probate, proponent would receive the entire estate to the exclusion of the children. The purported will was offered for probate in the county court on August 17, 1946, two months after the death of Mrs. Haynes.

The writing, in the form of a typewritten will, was originally dated ''—day of May, 1930'' and, as typed, indicates attestation by subscribing witnesses on the ''—day of May, 1930.'' In its present form the word ''May'' has been cancelled with pen and ink both in the body of the will and in the attestation and the month of July substituted. The year has likewise been changed from 1930 to 1935 and the blank reserved for indicating the day of the month filled in with the figure 20 in pen and ink. The names Henry Bailey ''(Mark X),'' Stephen Cole and Bill Wilmoth appear as subscribing witnesses. The proof shows without dispute that Henry Bailey was not present when the will was executed according to the testimony of proponent and his witnesses. The paper also bears the legend ''Wm. Marsee N. P. My com. expires January 16. 1939.,'' and the imprint of the seal of Marsee as a Notary Public of Grainger County.

The writing bears upon its face evidence of having been made rough at the point where the signature of the alleged testatrix appears. As the result of the rough surface ink used in writing the name Maggie M. Haynes appears to have caused a blot in the name Maggie and to have spread out unevenly in the remainder of the name indicating, according to expert testimony, that the paper had been roughened at the time the name was written.

Though the contrary insistence is made, we think, in view of the physical condition of the paper offered, there was no error in the action of the court in refusing to charge, as requested by proponent, that the burden of proof was upon contestants to establish that it was a forgery.

In Keys et al. v. Keys, 23 Tenn. App. 188, 129 S. W. (2d) 1103, 1105, it was said:

618

"The only attack made upon the will is that it is a forgery. The lock-box containing the will and other valuable papers of the deceased was opened in the presence of several witnesses, several of whom were wholly disinterested, *and there is nothing appearing upon the face of the paper, the place of its lodgement or the circumstances under which it was found after the death of Mr. Keys casting doubt upon its authenticity.* We think the court was correct in giving the charge complained of under the first assignment of error and in declining the special request of contestants to which the second assignment is directed.'' (Emphasis supplied)

■ In that case the trial court charged the jury that the burden of establishing the due execution of the will was upon the proponent in the first instance, but that, after the proponent had established that the will was wholly in the handwriting of the alleged testator and signed by him, the burden thereupon shifted to the contestants to show that the will was a forgery. Under the circumstances appearing from the italicized portion of the above quotation, it was held by this Court that the burden of proving forgery was upon the contestants. Such is the general rule to be applied where, to quote further from Keys v. Keys, supra, there are ''No suspicious or other circumstances appearing tending to impeach its validity.''

In this case the alterations appearing upon the face of the instrument, the physical condition of the paper and the condition of the purported signature all tend to excite suspicion and cast doubt upon the authenticity of the paper. These circumstances appear to us to call for an exception to the general rule.

■ Where, under an issue of devisavit vel non, the purported will is contested on the ground of mental incapacity or undue influence the general rule is that the burden of proof is upon the contestant to establish the ground of contest. But this general rule does not apply where the circumstances are such as to excite suspicion, as where the alleged testator is blind or illiterate or of weak mentality or where a 'confidential relationship exists between the alleged testator and a beneficiary assisting in the execution of the will. After reviewing cases of this character, it was said in Burrow v. Lewis et al., 24 Tenn. App. 253, 260, 142 S. W. 758, 762: ''We have italicized above certain language used by the courts in treating this question, which, in the opinion of the court, indicates clearly that the burden continues with the proponent to dispel the suspicious circumstances attending the execution of the will.''

By analogous reasoning, we think the same rule should apply where the ground of contest is forgery and the physical condition of the paper offered for probate is such as to excite suspicion. It has frequently been held that where written instruments (other than wills) bear upon their face evidence of alteration, the party offering the instrument must carry the burden of removing the suspicion and showing the immateriality of the alteration or the good faith of the party making the alteration. Farnsworth v. Sharp, 36 Tenn. 55; Peevey v. Buchanan, 131 Tenn. 24, 173 S. W. 447; First National Bank of Sparta v. Yowell, 155 Tenn. 430, 294 S. W. 1101, 52 A. L. R. 1411; Milsaps v. Foster, 163 Tenn. 308, 43 S. W. (2d) 197.

■ ■ We are fully of opinion there was no error in the action of the court in submitting the issue of forgery

to the jury. The proof for contestants shows that proponent exhibited the paper offered for probate shortly after the death of Mrs. Haynes and that it did not have on it at that time the names of the subscribing witnesses now appearing. In addition there is expert testimony that the signature has been traced first with blue ink and then with black ink, also that the name of the Notary Public has been traced. Complaint is made that the expert testimony offered was incompetent because the witness failed to qualify. The question of the qualification of the witness was a matter addressing itself to the discretion of the court. McElroy v. State, 146 Tenn. 442, 242 S. W. 883; Keys et al. v. Keys, supra, 23 Tenn. App. 193, 129 S. W. (2d) 1103. We can find no abuse of discretion in this case.

It is also insisted the court erred in refusing to grant proponent a new trial on the ground of newly discovered evidence. As pointed out by contestants there is no showing that the evidence could not have been procured by the exercise of due and proper diligence at the trial. The trial court struck from the record the affidavits offered and we do not find any assignment of error challenging this action of the court.

Other assignments are made but have been found without merit and it results that the judgment below will be affirmed with costs.

Hale and Darwin, JJ., concur.