FURNISH v. BURGE.

(*Knoxville.* November 28, 1898.)

1. CHANCERY PLEADING AND PRACTICE. *Non est factum.*

The plea of *non est factum*, in the Code form, denying that defendant executed the note sued on, or authorized it to be done, is a proper plea in a Chancery Court, and presents a full and complete defense to a plain and simple suit therein upon a note. (*Post, pp. 539–541.*)

2. SAME. *Issues for jury trial.*

Where the single issue presented by the pleadings in a chancery cause is upon the execution of the note sued on by defendant, or by his authority, an issue made up for trial by jury as to whether the note was *signed* by defendant or by his authority, is insufficient and immaterial. (*Post, pp. 541, 542.*)

Code construed: § 4661 (S.); § 3650 (M. & V.).

Cases cited: State v. Roberts, 11 Hum., 541; Johl v. Fernberger, 10 Heis., 37.

3. NON EST FACTUM. *Denial of execution relates to time of pleading.*

The denial of execution of instrument contained in plea of *non est factum* relates to the time of pleading and the status of the instrument at that time. (*Post, pp. 542–544.*)

Case cited: McElroy v. Melcor, 7 Cold., 140.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

E. Y. CHAPIN and E. M. DODSON for Furnish.

F. O. WERT and S. P. STOVER for Burge.

SNODGRASS, C. J.   The bill in this cause was filed to collect a note given by defendant to J. K. Lassing, and by Lassing indorsed to complainant. It averred merely the making and indorsing of the note, the credits to which it was entitled, and the balance due, with interest, and prayed for decree. The statements of the bill were as direct and concise as a declaration, and might very well have been filed as such in a court of law.   It made no further or broader question than such a declaration would have done.   The defense, and only defense, was a plea of *non est factum*.   It was in the Code form, and as follows:  "The respondent, J. G. Burge, for plea to the bill filed against him in this case, says that the note sued on was not executed by him, or by any one authorized to bind him in the premises, and demands a jury to try the issue here tendered." The plea was properly verified on oath.   Complain- ant joined issue on the plea.   The record then dis- closes that respondent moved the Court for a jury, and tendered his issue as follows:  "In this cause a jury is demanded to try the only issue now presented in the suit, to wit, the plea of *non est factum*."   This motion the Chancellor overruled,  "being of opinion that there was no proper issue tendered."  A further demand for a jury was made, as follows:  "In this cause a jury is demanded to try the issue of fact,

to wit: Did, or not, the defendant, Burge, sign the note sued on and the deed of trust given to secure the same." Upon this demand, a jury was ordered, and "the following issues of fact were thereupon made up by the parties, under the direction of the Court:" 1. Did, or not, the defendant, J. G. Burge, sign the note sued on in this cause. 2. Or, was, or not, said note signed by any other person authorized to bind said J. G. Burge in the premises.

The case, upon the issue of the plea thus formulated and divided, was tried, and the jury found for defendant. Decree was pronounced, and plaintiff appealed and assigned errors. The Court of Chancery Appeals reversed the Chanceller and decreed in favor of the plaintiff, as that Court says the Chancellor should have done, notwithstanding the verdict, upon a motion which plaintiff made after verdict "for decree overruling the plea, notwithstanding the verdict of the jury," which motion the Court of Chancery Appeals treats as intended to be and as equivalent to a motion for judgment notwithstanding the verdict. The defendant appealed to this Court and assigns errors.

In its opinion the Court of Chancery Appeals, finding that the Chancellor had refused to charge the jury on the subject of ratification of the note by defendant (there being evidence tending to show this), held that such refusal was proper, because no such issue was tendered. That Court then held that the issues tendered were equivalent to the plea, but

the plea itself was not a complete and entire defense, and said that a plea should only be adopted or allowed when it presents a single issue of fact or matter of defense, and that matter should be a full and in all respects a complete defense. ''And,'' the Court continues, ''treating it [the plea] as the parties did as an answer, we find that it did not constitute a complete and entire defense,. because although the note sued on may not have been signed by the defendant nor by any one authorized to represent him, still the defendant may have been, as we think he was, liable on it on the ground of estoppel and of ratification. . . . On the facts developed it appears that the plea of *non est factum* did not offer a complete and thorough defense.'' That Court. said, further: ''The form of defense adopted is not the proper practice in chancery, and that other issues were presented by complainant's bill which he was authorized to prove, and did prove, and on which he is entitled to a decree notwithstanding the verdict.'' The Court treated the issues tendered as all· right and as though they covered defendant's plea, but the plea itself as not presenting a complete defense. In all this we think there is error. The plea was in a case like this which was a plain suit on a note, proper under chancery practice, and does present a full and complete defense. Nor could a verdict if rested on it be disregarded.

But we are, further, of opinion that the issues

which the parties were required to make up, under the direction of the Court, were not issues authorized under the plea. They, at most, but present issues as to facts which are relevant on such a plea, but not conclusive. The plea is that the note sued upon was not executed by defendant, etc. The issue made up was that it was not signed by him, etc. This is not the equivalent of the plea. A party may, in the sense of the rule, execute an instrument which he never signed nor authorized to be signed. He might deliver such an instrument, or ratify it afterwards, or so act as to make it his deed by estoppel, when another sought to charge him with it. It is settled, upon authority, that an averment that one did not sign, or authorize another to sign, is not a good plea of *non est factum*. *State* v. *Roberts*, 11 Hum., 541. The issues submitted were not, therefore, the real issues made by the plea. Had they been so, the defense would have been presented fully and completely, as the plea was a full and complete defense. Under it, defendant would have had the· right to prove what he might have done under the common law plea, as the Code form is its equivalent,. and includes all special defenses and every special plea—that is, that the note, when the plea is filed, is not then the act and deed of defendant. Code (Shannon) § 4661, and notes on page 1154, under Plea of *non est factum; Johl* v. *Fernberger*, 10 Heis., 37–40; *State* v. *Roberts*, 11 Hum., 541.

Under the common law plea of *non est factum,* the defendant may prove that the deed was delivered and still remains in escrow; or he may take advantage of any material variance between the deed as set forth by the plaintiff and the deed produced at the trial; or may give any evidence showing that the deed either (1) was originally void, or (2) was made void by matter subsequent to its execution and before the time of pleading, for it is to the time of pleading that the averment relates. "Thus the defendant may show under this issue that the deed is a forgery; that it was obtained by fraud or was executed while defendant was insane or so intoxicated as not to know what he was about, or that it was made by a *feme covert,* or to her, but her husband disagreed to it, or that it was delivered to a stranger for the use of the plaintiff, who refused it, or that it was never delivered at all; or he may show that since its execution it became void by being materially altered or canceled by tearing off the seal. But matters which do not impeach the execution of the deed, but go to show it voidable by common law or by statute, such as usury, infancy, duress or gaming, or that it was given for ease and favor, or the like, must be especially pleaded." 2 Green. on Ev., Sec. 300.

These are sufficient citations to show what defendant may prove. Of course, what he may prove plaintiff may controvert, and thus all these are issues on such a plea. They go to the time of

pleading, when, of course, there may have supervened, between date of instrument sued on and time of pleading, both ratification and estoppel. Ratification would have made the note his own before suit (*McElroy* v. *Melcor*, 7 Cold., 140), and estoppel would have prevented his denying it, even though in fact it were not.

The decree of the Court of Chancery Appeals is reversed and case remanded to Chancery Court for trial before a jury on the plea of *non est factum.* Cost of appeal will be paid by defendant, Burge.