BUREM   *v.*   WINSTEAD.

(*Knoxville.*    September   30,   1899.)

1. PRIVY EXAMINATION.   *Effect of certificate.*

The certificate in proper form of a married woman's privy examination to a deed cannot be avoided by extrinsic proof that her examination was not as full and technical as the statute requires.   Such certificate cannot be attacked for mere irregularities, but only for fraud or duress imputable to the conveyee.

Cases cited: Campbell *v.* Taul, 3 Yer., 548; Shields *v.* Netherland, 5 Lea, 194; Ronner *v.* Welcker, 99 Tenn., 626.

2. SAME.   *Not assailable by answer.*

The certificate of privy examination of a married woman to a deed, if in proper form, cannot be assailed even for fraud or duress, even if imputable to the conveyee, by a mere answer to a bill seeking to enforce the deed.   Such certificate is assailable only by original or cross bill.

FROM HAWKINS.

Appeal from Chancery Court of Hawkins County. HUGH G. KYLE, Ch.

J. O. PHILLIPS for Burem.

HUFFMASTER & CHESNUTT for Winstead.

BEARD, J.   The complainant   filed   the   present bill to foreclose a deed, absolute on its face, as

a mortgage in the event it was held to be such. The defendants to the bill are now, and were at the execution of the deed, man and wife, and they resist a foreclosure so far as the homestead right is concerned, first, on the ground of fraudulent imposition upon the wife as to the character of the instrument; and, second, because, as she alleges, her privy examination was not taken as the statute requires.

The facts are that in 1896 the husband, R. G. Winstead, being the owner in fee of the tract of land in controversy, executed a trust deed conveying it to a trustee to secure a debt then due to the complainant, and also a smaller debt due to Nice & Smith. At the time of the making of this trust deed the mortgagor was unmarried. The debts secured by this instrument matured in 1897, and the maker, being unable to pay, he entered into negotiations for an extension, which resulted in complainant (who seems to have controlled the Nice & Smith debt as well as his own), agreeing to grant further time upon condition that the debtor (who, in the meantime, had married) and his wife would execute a deed securing a note embracing the amount due on the trust deed of 1896, as well as an account contracted by the husband with the complainant after the date of that deed. This arrangement was carried out by the making of the instrument in

question, which, it is conceded, is a mortgage in effect, though in form a deed in fee.

All pretext of fraud or imposition on the defendants in obtaining this deed is removed by the proof in the case. She knew the purpose of this instrument was to secure a debt due by her husband to this complainant, and this record discloses that she freely joined in its execution. Her examination was taken by a Justice of the Peace of Hawkins County, under a commission issued to him by the clerk of the County Court of that county, and this commission and the certificate of her privy examination made by the officer, are in the form required by the statute. The effect of this certificate she now seeks to avoid by extrinsic evidence that her examination was not as full and technical as the statute requires.

This she cannot do. What she complains of is a mere irregularity that will not be permitted to invalidate a writing so ceremonious in form, and which is of such importance to the security of titles, as is the certificate of probate. As early as *Campbell* v. *Taul,* 3 Yer., 547, it was announced that a Court of Equity could not inquire whether the privy examination of a married woman taken in a Court of Law was regular or not. The authority of this case was recognized in *Shields* v. *Netherland,* 5 Lea, 194, and it was there held that the probate could only be attacked for fraud. This doctrine was repeated in the

late case of *Ronner* v. *Welcker,* 99 Tenn., 626, in the following terms: "If the certificate is in proper form, and signed by the proper officials, it can only be attacked for fraud or surprise, not for mere irregularities. in taking the privy examination, and the fraud must be that of the conveyee or his agent."

It is proper to say that the word "surprise," in the paragraph just quoted, by a clerical or typographical error, has been substitued for the word "duress," used in the original opinion.

In addition, even if fraud in the taking of Mrs. Winstead's **privy examination** existed, the defendants could not, in the attitude they occupy in this record, avail themselves of it. While fraud vitiates everything, yet a defendant could not defeat a judgment rendered by a Court of competent jurisdiction by setting up the fraud in his answer, and no more should parties who seek to impeach a certificate of probate, which is evidence of an act judicial in nature, be permitted to do so in the absence of an original or cross bill.

For these reasons the decree of the Court of Chancery Appeals is affirmed.