White v. Manigan.

E. P. White *v.* Mamie F. Manigan *et al.*

(*Jackson.* April Term, 1917.)

ACKNOWLEDGMENT.   Notaries.   Extra-territorial act.   Taking acknowledgment.

A Tennessee notary public could not authenticate a deed for registration by taking the grantors' acknowledgments in Louisiana, though the certificate of acknowledgment was regular in every respect, and laid the venue in the notary's county in Tennessee. (Post, p.——.)

Acts cited and construed:  Acts 1835, ch. 11.

Cases cited and approved:  Neely v. Morris, 39 Tenn., 595; Garth v. Fort, 83 Tenn., 685; Shields v. Netherland, 73 Tenn., 193; Cason v. Cason, 116 Tenn., 173; Burem v. Winstead, 103 Tenn., 288.

Case cited and distinguished:  Bostick. v. Haynie, 363 S. W., 856.
Codes cited and construed:  Ses. 3745, 3748 (Thomp.-Shann.) sec. 2077 (1858).

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —F. H. Heiskell, Chancellor.

S. P. Walker, for appellant.

Evans & McCadden and G. T. Fitzhugh, for appellees.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This is a contest between claimants under a deed of trust executed by Manigan and wife, and the general creditors of Manigan, who is dead. A notary public of Shelby county, Tenn., went to New Orleans for the purpose of having Manigan and wife execute the deed of trust in question, and while there took their acknowledgments to it because Manigan, who was sick, refused to acknowledge it before a New Orleans notary. The certificate of acknowledgment is regular in every respect and lays the venue in Shelby county, Tenn. It appears, however, by parol proof that the acknowledgment was taken in New Orleans before the Shelby county notary, and he attached his certificate after returning to Memphis. The question for decision is whether the acknowledgment is void as to general creditors.

An officer acting without jurisdiction is acting without authority, and his act is as though he had no commission to perform it. It is beyond question that an official of Tennessee is without authority to perform an official act in Louisiana. It is beyond his territorial jurisdiction. An attempt to perform an official act beyond the limits of the State is a plain usurpation. Therefore the deed of trust was not authenticated for registration, although it appeared to be properly acknowledged upon its face. It does not meet the question to say that the register must

receive and record the instrument because it is not a question of notice. It is a question of authority in the notary to take the acknowledgment. The acknowledgment stands upon no higher ground than if it was forged or than if it was taken by one who had no color of authority to do so. We consider the question settled by previous decisions of this court. *Neely* v. *Morris,* 2 Head., 595, 75 Am. Dec., 753; *Garth* v. *Fort,* 15 Lea, 685; *Bostick* v. *Haynie,* 36 S. W., 856.

In the foregoing case our present Chief Justice, who was then a member of the court of chancery appeals, reviewing the authorities in this State, said:

"We will next consider the question whether the complainants are entitled to the homestead claimed under the amended bill. Complainant A. G. Bostick is the head of a family, and the Williamson county tract was all the land he owned, and he resided upon it with his family at the time of the inception of the above-mentioned trades. There is no controversy about these matters. The point, however, upon which the right to avoid the deed in favor of the homestead claim is based, is that the certificate of acknowledgment is void as to the wife of complainant A. G. Bostick. The special point of attack is that the probate as to the married woman was taken in Williamson county by a Davidson county notary public. There is no dispute upon this point. The notary public says that he did take the acknowledg-

ment in Williamson county on the 18th of December, 1892, but did not then affix his seal, and that he subsequently retook the acknowledgment in January, 1893, in Davidson county, and affixed his seal; but upon this point the weight of the proof is against him, and in fact the certificate upon the deed is dated December 18, 1892. Upon its face the certificate appears to have been made in Davidson county, and the acknowledgment and privy examination there, inasmuch as it begins, 'State of Tennessee, Davidson county.' But we find as a fact that the probate was taken in Williamson county by the aforesaid Davidson county notary public. Does this make the probate void? In the case of *Neely* v. *Morris,* 2 Head., 596, 597 (75 Am. Dec., 753), it was said in reference to a protest of a note taken by a notary public out of his county: 'This protest was a nullity. Under our statute, the authority of a notary public is confined to the county for which he was appointed and commissioned. Act 1835, chapter 11. He has no more power or authority to do an official act in a different county than a justice of the peace or other county officer.' In *Garth* v. *Fort,* 15 Lea, 683, 686, it was held that where a justice of the peace of Robertson county, this state, was commissioned to take the privy examination of a married woman, and he went over into Montgomery county and took the probate there, the act was wholly void. The sections of the Code (Mill. & V. Code, secs. 2461-2468) that

White v. Manigan.

provide for the creation of notaries public plainly show that their powers are confined to the county in which they are created. Mill & V. Code, section 2852, provides that they shall take acknowledgments in the same manner and under the same rules and regulations as given county court clerks. It could not be contended that county clerks could take acknowledgments outside of their respective counties. On the whole, we are clearly of opinion that the probate to the deed in question was and is void. The result is that the complainants are entitled to homestead in the Williamson county tract.''

Section 3745 of Thompson-Shannon's Code provides the manner in which acknowledgments to be taken out of the State shall be made, and expressly enacts that the certificate shall show the capacity in which the person who took the probate acted and the State in which the probate was taken. Other sections provide for acknowledgments of instruments in this State, and among other things authorize notaries public to take acknowledgments to deeds, but the jurisdiction of a notary is limited to the county for which he is elected. This is clearly shown by our cases supra. Hence a recital in a certificate of acknowledgment that the acknowledgment was taken in Shelby county, Tenn., when in fact it was taken in the State of Louisiana, is a fraud upon the jurisdiction of the notary so acting as well as upon the rights of creditors. Section 3748 of Thompson-Shannon's Code provides that:

"Any of said instruments so proved or acknowledged and certified and registered shall be received as evidence in any of the courts or judicial tribunals of the State, subject, nevertheless, to be impeached and proved to be a forgery, or to be otherwise inoperative, if the fact be so."

In this section there is express reservation that all such instruments are subject to be impeached and proved to be a forgery or "to be otherwise inoperative," if such is the fact. We think the deed of trust here is clearly inoperative as against creditors.

This decision does not encroach in any wise upon the decision of this court in *Shields* v. *Netherland*, 5 Lea, 193. That case held that mere irregularties in taking the acknowledgment are not sufficient to overturn it upon the grounds of public policy. The things complained of in that case were that Mrs. Fulkerson did not sign the deed on the date borne by it, but in fact signed it at a later date; and that she was not disabled from age or other cause to appear before the clerk of the county court in person, and therefore the authorization by the clerk to the justice of the peace to take her privy examination was void under section 2077 of the Code of 1858. These things were mere irregularties, and did not affect the merits of the controversy or the jurisdiction of the officer taking the acknowledgment. The court has uniformly held to the same effect. *Cason* v. *Cason*, 116 Tenn., 173, 93 S. W., 89; *Burem* v. *Winstead*, 103 Tenn., 288, 52 S. W., 1070.

Affirmed.