KYLE et al. v. KYLE et al.—74 S. W. (2d) 1065.

Eastern Section. April 28, 1934.

Petition for Certiorari denied by Supreme Court, October 13, 1934.

Taylor & McCanless, of Morristown, for complainants.
John R. King, of Morristown, for appellant T. G. Brown.
Ernest F. Smith, of Morristown, for appellee Robert C. Kyle.

DeWITT, J. The issue presented is whether or not Robert C. Kyle signed and acknowledged a deed dated May 13, 1916, purporting to convey to J. T. Garrett, for a consideration of $100 paid in cash, to his right, title, and interest in certain lands which were devised by Mrs. Alice M. Kyle to her daughter Mrs. Lida Jack for her life, and upon her death without issue, to the heirs of Mrs. Alice M. Kyle. It is undisputed that Robert C. Kyle owned an undivided interest of one-twenty-first in said land, and, if the deed is valid, it operated to pass title thereto to Garrett. The deed was registered on the day it bears date. It bears a certificate regular in form to the effect that the bargainor, Robert C. Kyle, acknowledged that he executed the instrument for the purposes therein contained. On July 14, 1916, by an instrument duly acknowledged

and registered, J. T. Garrett released and quitclaimed unto T. G. Brown of Knox county the interest in said land purported to have been derived by him under the aforesaid deed from Robert C. Kyle.

A statement of the pleadings is requisite to show how the issue arises. The original bill was filed by certain of the heirs of Mrs. Alice M. Kyle (who died in 1886) against all of her other heirs, including Robert C. Kyle, and also against T. G. Brown, reciting among other things that Mrs. Lida Jack died in September, 1931, leaving no children or descendants of children, so that the heirs of Mrs. Alice M. Kyle were the owners in fee simple of two tracts of land so devised by Mrs. Kyle, with the exception that Robert C. Kyle was claiming that he did not execute the aforesaid deed, and that T. G. Brown was claiming an interest of one-twenty-first in the tract of 200 acres, under said deed. In the bill it was prayed that the rights of all of the parties in the land be settled; that it be determined whether or not Robert C. Kyle had any interest therein; and that the 200-acre tract be sold for partition.

Robert C. Kyle filed an answer and cross-bill to this original bill. The second section of his answer is as follows:

"This defendant denies that he at any time signed any deed or other instrument which conveys, or purports to convey, any interest that he heretofore had or now has in and to the real estate described in the original bill. Defendant is informed that Robert C. Kyle is purported to have conveyed by deed under date of May 13, 1916, to one J. T. Garrett an undivided interest in and to said real estate, which deed is alleged to have been acknowledged on the same date before E. M. Horner, Notary Public of Morristown, Hamblen County, Tennessee, and was filed for record in the Register's office of Hamblen County, Tennessee on the same date at one P. M. Said purported deed shows that it is recorded in Deed Book 35, page 520 in said Register's office. Said J. T. Garrett by deed dated the 14th day of April, 1916, made a conveyance of the aforesaid undivided interest to the defendant T. G. Brown. Said T. G. Brown is now claiming under this deed from J. T. Garrett and the deed alleged to have been made by Robert C. Kyle, to J. T. Garrett, the interest of Robert C. Kyle. As above stated, this interest is evidenced by some kind of a paper writing; however this defendant, said Robert C. Kyle, did not sign same and did not authorize any person to act for him in the premises."

This section of the answer is relied on as a plea of non est factum, although the deed is not specifically set forth in, nor made an exhibit to, the original bill.

After making a general denial of allegations not specially admitted or denied, Robert C. Kyle assumed the role of a cross-complainant, averring first that he was the owner of an undivided interest in the land and entitled to his share of the proceeds derived from a sale. Then he made the following allegations:

"Cross-complainant further shows to the Court that by reason of the purported deed of Robert C. Kyle to J. T. Garrett which is a forgery, that there now exists a cloud upon the interest of cross-complainant in said real estate, or the proceeds of the sale of same and that said deed is a fraud, and was executed by some person or persons who knowingly and unlawfully and without any authority forged his name to said deed and caused same to be placed of record upon the public records of Hamblen County, Tennessee.

Cross-complainant is advised that J. T. Garrett, the person to whom said deed is supposedly made, is now dead, but before his death he undertook to convey the undivided interest of cross-complainant to defendant T. G. Brown, and that the said Brown now has in his possession said deed and a cancelled check which was supposed to be given in payment of the interest cross-complainant is alleged to have sold to J. T. Garrett, and if said check bears the name of Robert C. Kyle that it is likewise a forgery the same as said deed is a forgery and same was signed by some person or persons wholly unauthorized to act for cross-complainant.

"Cross-complainant further shows to the Court that the deed in question was acknowledged before E. M. Horner, of Morristown, Hamblen County, Tennessee; that he does not know and did not on May 13, 1916, know E. M. Horner and the person or persons introducing some person to the said E. M. Horner as Robert C. Kyle were guilty of fraud; that the execution of said deed now constitutes a cloud upon the title to his undivided interest in the real estate sought to be partitioned in this cause.

"Cross-complainant is advised that he has the right to file this pleading and ask that the cloud now existing on said real estate be removed and said purported deed be declared fraudulent and void and that he be held entitled to all of said interest in same, when said real estate is sold, and that the proceeds be paid into court in this cause."

The prayer of the cross-bill includes the following:

"That on a hearing in this cause the deed of Robert C. Kyle to J. T. Garrett and any deed given by J. T. Garrett to T. G. Brown be declared fraudulent and void and that the cloud now existing against the undivided interest in and to the real estate described in the original bill in this cause be removed, and that cross-complainant Robert C. Kyle recover such undivided interest that he now owns in the real estate, under the proper orders and decrees of the Court in this cause."

This pleading was duly verified, specifically as to the plea in which he denied the execution of the deed, as true in substance and in fact; and also as to facts and statements contained in his answer and cross-bill as being true where made upon his own knowledge, and believed by him to be true where made upon information and belief.

T. G. Brown filed an answer to the original bill and also an answer to the cross-bill. In his answer to the original bill he averred, among other things, that Robert C. Kyle by deed dated May 13, 1916, sold and conveyed his interest in said real estate to J. T. Garrett, and that said Garrett on July 14, 1916, conveyed the same to him. He denied that Robert C. Kyle owned any interest in said tract of land. In his answer to the cross-bill he again denied that Robert C. Kyle was an owner of an undivided interest in the land, or entitled to participate in the distribution of the proceeds therefrom. He denied that the deed to Garrett and the indorsement of Robert C. Kyle's name on a check issued by Garrett for said interest were forgeries.

Much evidence was introduced, both testimony of witnesses and various documents. Upon the hearing, the chancellor adjudged and decreed that the said deed purporting to convey the share of Robert C. Kyle to Garrett was a forgery; that it was not signed by said Kyle nor by any other person authorized to bind him in the premises; that the indorsement of the name of said Kyle on the back of the certified check given by said Garrett in payment for said share in the land was likewise a forgery; and he decreed that said deed from Kyle to Garrett and the deed from Garrett to Brown be set aside and for nothing held; and that the interest of Robert C. Kyle in said land remain and stand in his name in the same condition as if said deeds had never been executed; and that the cloud on his title by virtue of said deeds be removed.

The view taken by the chancellor is further evidenced by the following preliminary recitals in his decree:

"The Court is of opinion and holds that the plea of non est factum filed by defendant Robert C. Kyle was a proper and appropriate plea, and operated against defendant T. G. Brown so as to cast the burden of proof upon said Brown to sustain the deed purporting to convey the share of defendant Robert C. Kyle in the Alice M. Kyle estate to J. T. Brown, and that the proof offered by defendant Brown to sustain said deed is insufficient, the only proof of its execution being contained in the certificate of acknowledgment of the Notary Public on said deed, which certificate is impeached by the positive swearing of defendant Robert C. Kyle, for which reason the contention of defendant Brown must fail."

It is thus seen that the appellee, Kyle, filed a plea of non est factum to the original bill, which did not set up the deed nor embody any claim of right under it; and he also filed a cross-bill against Brown, praying solely for cancellation and removal of the deeds as a cloud upon his title.

██ Upon which party did the burden of proof lie as to the validity of the deed? The chancellor placed it upon Brown, conceiving that to him the rule was applicable that the general plea of

non est factum throws upon the party claiming under the instrument the burden of proving the execution of it by the alleged maker, or by some one authorized to bind him (see Carter v. Turner, 5 Sneed, 179; Furnish v. Burge, 101 Tenn., 538, 47 S. W., 1095; 18 C. J., 411). We think that in this view the chancellor was in error. The plea of non est factum applies only in an action brought upon a written contract. Such instrument must be the foundation of the action. If the plea is sustained, the party suing on the instrument is barred from relief based upon it. Shannon's Code, section 5556, is directed to these propositions, as follows:

"Non est factum.—Every written contract, instrument, or signature purporting to be executed by the party sought to be charged, his partner, agent, or attorney in fact, and constituting the foundation of an action, is conclusive evidence against such party, unless the execution thereof is denied under oath."

Thus it is clear that the instrument or signature, the execution of which must be denied under oath, must be the foundation of the action.

In the original bill in this cause the complainants did not set up the disputed deed or claim any right or interest under it. Kyle's plea of non est factum made no issue with the complainants. Brown had not filed any pleading, had not set up his deed. Kyle's cross-bill tendered the issue as to the validity of the deed. Such affirmative pleading against his codefendant was requisite for making such an issue. Burem v. Winstead, 103 Tenn., 285, 52 S. W., 1070; Perkins Oil Co. v. Eberhart, 107 Tenn., 409, 64 S. W., 760.

The issue being properly presented by the cross-bill and answer, the burden was upon the cross-complainant to show that the deed was a forgery and to avoid the certificate of acknowledgment. The presumption is in favor of the validity and regularity of a written instrument, and the person asserting its invalidity has the burden of proving his allegations by clear and satisfactory evidence. Black on Rescission and Cancellation of Instruments, sections 676, 682. The evidence must not merely raise a suspicion, or indicate a probability, but it must be full, convincing, and conclusive. Kennedy v. Security Bldg. & Savings Association (Tenn. Ch. App.), 57 S. W., 388, 394; Black on Rescission and Cancellation, section 683, and cases cited. See, also, 1 Jones on Evidence (2 Ed.), section 190.

In Kennedy v. Security Building & Savings Association, supra, it was held that a deed of trust should not be set aside on the unsupported testimony of the complainant, a married woman, that she did not appear before the officer and acknowledge the deed, and that his certificate was false. The notary public taking the acknowledgment acts judicially and the duty is imposed upon him by law of ascertaining the truth of the matters about which he is to certify. In the opinion in that case it is recited that in Lickmon v. Harding,

65 Ill., 505, a deed properly certified and acknowledged on its face was assailed on the ground that the certificate of acknowledgment was false and a forgery, and that the party never appeared before the officer; that the court held that the certificate could not be overthrown by the unsupported testimony of the grantor, saying: "Public policy requires that such an act should prevail over the unsupported testimony of an interested party, otherwise there would be but slight security in titles to land. If the magistrate, in taking the acknowledgment, acts judicially, the duty is imposed upon him by law of ascertaining the truth of the matters about which he is certifying. Parties act on the faith of this certificate, and, in the absence of fraud and collusion, it must be entitled to full credit."

In this state it has been definitely held that the act of the certifying officer is in the nature of a judicial act, an essential part of the conveyance, and the probate of it can only be attacked for fraud. Shields v. Netherland, 5 Lea, 193.

The deed in question dated May 13, 1916, is in all respects regular on its face. It bears the name in writing of Robert C. Kyle. It contains the certificate of E. M. Horner, a notary public, regular in form, reciting that on May 13, 1916, the instrument was acknowledged for the purposes therein contained by "the within named bargainor Robert C. Kyle, with whom I am personally acquainted." It was registered on the same day. Accompanying this deed is a certified check of J. T. Garrett, dated May 12, 1916, for $100, on the Holston National Bank of Knoxville, payable to the order of Robert C. Kyle. Mr. Brown's testimony must be taken as true; that he lived in Knoxville; that as he owned a farm adjoining this tract of land he desired to purchase interests in this tract; that believing that he could trade more advantageously through a friend, he procured the consent of J. T. Garrett to purchase the interests of Robert C. Kyle and two of his brothers, and later to transfer them to him. It should here be stated that in April, 1916, the interests of Frank B. Kyle and Absalom Kyle were purchased by Garrett for $100 each. The deed is in the record. It was acknowledged by the grantors in West Virginia. Mr. Garrett was dead for some time before the institution of this suit. Mr. Brown furnished him the money to make these purchases. Mr. Garrett conveyed these three interests to Brown. The check given by Garrett for the purchase of Robert C. Kyle's interest bears the indorsement "Robt. C. Kyle." It was cashed at the First National Bank of Morristown on May 13, 1916, the date of the deed. The name "Robt. C. Kyle" is manifestly signed to the deed and indorsed on the check in the same handwriting. Of course, a forger would be most likely to write this name in each place in order to carry out his nefarious design. Mr. Brown testified that he obtained the services of one John M. Wooten, a real estate agent in Morristown, to conduct the negotiations. Wooten

has been dead for more than ten years. Brown had the deed prepared by a Knoxville attorney, sent it and the check to Wooten, and received back the deed in its present form. Horner, the notary, could not remember having taken the acknowledgment of Robert C. Kyle, but he testified that it was his invariable custom to become satisfied that the person making an acknowledgment before him was the true and proper person mentioned in the instrument. He did not personally know Robert C. Kyle. The president, cashier, and assistant cashier of the First National Bank of Morristown testified that they did not know Kyle, but that under the strict rules of the bank such check would not have been cashed without proper identification.

Robert C. Kyle testified that he never signed or acknowledged the deed, never received the check, nor indorsed it; and that his name, as signed to these papers, was a forgery. He is very plain and emphatic in his testimony. He said that he never knew of the existence of this deed even though it was of record, until shortly before this suit was brought. When he gave his deposition on March 12, 1932, he was thirty-nine years of age and had lived in Johnson City for sixteen years. His business is that of a railroad bookkeeper, but in May, 1916, he was in the service of the Southern Railway Company at Jonesboro or Johnson City as a telegraph operator. He exhibited some specimens of his signature. The nearest in date to May, 1916, is on a card dated June 16, 1916, purporting to show that on that date he entered the service of the Southern Railway Company. Next in date is a series of checks executed by him in 1919. Next is a series of railroad passes beginning with 1922 and continuing through 1929, with the exception of the year 1925. The signature R. C. Kyle appears on the back of each of these passes. There are some differences in all these handwritings. In the first place the signature on the deed and on Garrett's check is in a cramped style. We readily adopt the view of a number of witnesses testifying more or less as experts that these signatures were written with a finger movement. It is very evidence from the flowing nature of the signatures submitted as genuine that they were all written with what is known as the muscular movement. It is easily conceivable that a young man only twenty-two or twenty-three years of age might first write with the finger movement with a sharp pen and his signature look cramped; that as he would engage in clerical work, including bookkeeping, he would learn to write with the muscular movement, using his arm more and more, especially when he would be engaged constantly in work requiring writing. The signatures on all of the passes show a closer resemblance to the signatures on the deed and the Garrett check than do the other genuine signatures. The name "Kyle," as written on these passes, is written with a more easy and flowing movement, but the letters bear a very striking re-

semblance to the letters in the name "Kyle" on the deed and in the check. The capital "K" is very much the same. The "y" is not looped, neither is it connected with the "l." In these genuine signatures different kinds of capital "C" are made. The capital "C" in the signature of June 26, 1916, on the card is the same in general character as that used in the signatures on the deed and the Garrett check. Now it is true that in all these admitted signatures the capital "R" is different from the capital "R" in the questioned signatures. It should be added that Brown exhibited a letter dated October 19, 1931, which Kyle wrote to him and signed. The name "Kyle" at the end of this letter is written quite similarly to the name as written on the deed and the Garrett check. The capital "C" is similar to that on some of the passes, and so is the capital "R." Mr. Brown is manifestly an innocent party in this transaction, in the sense that he did not know of any forgery or conspire in any way to have one committed. What motive Wooten would have for causing a deed to be forged and an acknowledgment to be made by some one impersonating Robert C. Kyle can hardly be imagined. It was a small transaction involving only $100. Wooten had been a telegraph operator, then postmaster at Morristown, then engaged in the real estate business. These are honorable occupations. No attack is made upon his character. Robert C. Kyle knows perfectly well what is the truth about the matter. He asked the court to declare this deed a forgery just because he swears that he never executed it, never signed it, never received the check or indorsed it, and because there are some differences in the characteristics of the handwritings. On the other hand, we have a deed regular in form and a check indorsed relating to a transaction which is very likely to have been consummated. The presumption is in favor of the validity of these papers. The testimony of the grantor alone is insufficient to invalidate the deed. The other evidence does not satisfy this court that the signatures are forgeries, even when taken in connection with the testimony of Kyle himself. We do not know absolutely what is the truth about this matter. The burden was up on the cross-complainant, Kyle, to establish by clear, satisfactory, and conclusive evidence that the deed is a forgery. The evidence which he has adduced does not fulfill these requirements, in our opinion. Therefore the decree of the chancery court will be reversed and the cross-bill of Robert C. Kyle will be dismissed. The costs of the appeal will be adjudged against Robert C. Kyle. The cause will be remanded to the chancery court of Hamblen county for further proceedings not inconsistent with this opinion.

Faw, P. J., and Crownover, J., concur.