STOCKTON et al. v. MURRAY et al.—157 S. W. (2d) 859.

Middle Section.   August 2, 1941.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

J. W. Stone, of Harriman, and Mae R. Stricklin, of Wartburg, for appellants Murray et al.

Ward R. Case and J. T. Wheeler, both of Jamestown, for appellees Stockton et al.

CROWNOVER, P. J.   This is an ejectment suit instituted by Stockton and others against Murray and others to recover 1,500 acres of land in Fentress and Morgan Counties and damages for timber cut and removed by the defendants.

The defendants denied that the complainants were the owners of said land or had title to it, and they denied that they had cut or removed any timber from lands owned by the complainants. Defenant Charlie Murray denied that he had executed any deed for the land in controversy to S. W. Winningham, complainants' predecessor in title, and alleged that if there was such deed it was obtained by fraud.

Complainants filed an amended bill alleging that Defendant Charlie Murray and wife had executed a deed conveying said land to their (the Murrays') daughter, Virginia Hull, and her husband, Houston Hull, after the original bill was filed in this case, and prayed that they be made defendants and asked for the same relief against them as prayed in the original bill against the other defendants.

Defendants Hull and wife filed an answer, and denied that complainants were the owners of said land, and denied that they had cut any timber on lands owned by complainants. They also denied that Charlie Murray had executed a valid deed to S. W. Winningham and stated that if there was such an instrument it was obtained by fraud.

None of the defendants pleaded non est factum or innocent purchaser.

The case was tried on oral evidence before the Chancellor, without a jury, under a written agreement as provided in Code, sec. 10564, and the Chancellor was of the opinion that complainants' evidence sustained the allegations of their bill, and rendered a decree for the complainants, and ordered a reference as to damages. The defendants excepted and appeal to this Court on the pauper's oath, which was allowed, and have assigned errors which are in substance as follows:

1. The Court erred in holding that complainants' title papers covered the land in controversy, and that they owned the legal title.

2. The Court erred in holding that the deed from Charlie Murray and others to S. W. Winningham in 1919 was valid, and in admitting it in evidence over defendants' objection.

3. The Court erred in holding the deeds from S. W. Winningham to

George Stockton and Joe K. Stockton were valid, and in admitting them in evidence.

4. The Court erred in holding that the deeds from S. W. Winningham to Dora Winningham, and from Dora and Lynn Winningham to George Stockton and defendants' objections thereto are immaterial to the issues in this case.

5. The Court erred in holding that the deed from George L. Stockton to the Union Bank in 1934 covered the land in controversy, and that said deed was not champertous.

6. The Court erred in holding that Lynn Winningham had held seven years' adverse possession of this land.

7. The Court erred in holding that Hull and wife had actual knowledge of complainants' title before and at the time the deed from Murray to them was executed in 1938, and that they were not innocent purchasers.

8. The Court erred in excluding the copies of the decrees in the case of Edwin B. Jennings v. S. W. Winningham.

9. The Court erred in excluding the evidence of A. R. Hogue as to the grants issued for lands in Fentress County.

1. We are of the opinion that the first assignment of error is not well made. Complainants' title papers cover the land in controversy and they have the valid legal title. Complainants and defendants deraign their title back to a common source, Charlie Murray.

The tract in controversy was known as the Arthur Edwards Entry No. 522 for 2,600 acres, which tract was afterwards granted to him by the State of Tennessee, Grant No. 5494; and was conveyed by Edwards and others through a series of conveyances to different grantees, not necessary to be here set out, until the title finally rested in the defendant Charlie Murray during the years from 1913 to 1919. In 1919 Charlie Murray and his wife conveyed said tract to S. W. Winningham, who conveyed the same to complainants, George L. Stockton and J. K. Stockton, and George L. Stockton conveyed an interest in the same to complainant Union Bank of Jamestown. There is no doubt about the foregoing conveyances having been actually executed, and they are valid conveyances. There is absolutely no evidence of fraud in the execution of the deed from Murray to Winningham.

The defendants Houston Hull and wife Virginia Hull are claiming the land under a conveyance made by Charlie Murray to them in 1938, and are relying upon certain alleged defects in complainants' deeds, which they insist render said deeds invalid as to them, and therefore they have the legal title to said land.

We think said alleged defects are not fatal for the reasons hereinafter pointed out; hence the first assignment of error is overruled.

2. It is insisted that the Court erred in holding that the deed from Charlie Murray and others to S. W. Winningham, dated August

29, 1919, was valid, and in admitting it in evidence over defendants' objection.

The defendants objected to the admission of this deed in evidence for the reasons (1) that the description was not sufficient, and (2) that the deed purports to have been acknowledged before J. K. Stockton, a deputy County Court Clerk, when in fact Stockton was not a deputy Clerk at the time; therefore it was insisted that there was no valid acknowledgment and that the registration of said deed is not constructive notice to the subsequent purchasers Hull and wife.

The first objection is not well made as the deed conveys the Arthur Edwards 2,600 acre Entry tract partly in the 12th civil district of Fentress County and partly in Morgan County which was conveyed to them by W. E. Taylor. It was shown that Taylor conveyed this Edwards entry to the Murrays, and that it covered the land in controversy; hence, the description in the deed was sufficient. Evidently the defendants were also of this opinion, as they abandoned this objection and did not assign it as error.

The second objection, that the Court erred in admitting said deed in evidence because the deputy County Court Clerk was not a deputy Clerk duly qualified as such, is not well made.

It was further insisted that the deed, being registered on September 6, 1919, was not registered 20 years before the deed from Murrays to Hulls was executed and registered on April 1, 1938, and that it was not constructive notice of said conveyance to the defendants Hull, and therefore the Chancellor erred in admitting said deed in evidence.

We think these contentions are not well made for the reasons: (1) The deed was registered more than twenty years before it was offered in evidence, therefore it was admissible without proof of its execution. Code, sec. 7672. This section of the Code dispenses with the necessity of proof of the execution, and the deed, having been registered twenty years, is admissible without such proof. (2) We think the acknowledgment taken by the deputy Clerk is valid.

It has been held that a deputy clerk must have been appointed for his acts to be valid. Atkinson v. Micheaux, 1 Humph., 312. But he need not be qualified by taking the oath to make his acts valid as a de facto officer. Farmers' & Merchants' Bank v. Chester, 6 Humph., 458, 481, 44 Am. Dec., 318.

In the absence of evidence it will be presumed that he is a legal deputy clerk and that he had authority to act. 1 Am. Jur., 333, sec. 50; 1 C. J. S., Acknowledgments, sec. 137, p. 897.

[5] There is no direct attack on the acknowledgment. The certificate of the deputy Clerk cannot be collaterally attacked. It can only be attacked by a bill or cross bill. Burem v. Winstead, 103 Tenn., 285, 52 S. W., 1070; Bates v. Dyer, 9 Humph., 162; Kyle v. Kyle, 18 Tenn. App., 200, 204, 74 S. W. (2d), 1065; 22 R. C. L., 603, sec. 325.

The only evidence, aside from the certificate of acknowledgment of said deed, is a certificate of a deputy Clerk that she had

searched the records of the County Court and found that five people (whose names were therein set out) ''is all that were appointed Deputy County Court Clerks'' for the years from September 1918 to 1922. The certificate does not state that J. K. Stockton was not a deputy Clerk. This deputy might have been appointed before September, 1918, and have held over during the next term, in which event he would have been a de facto officer, and his acts valid. Galbraith v. McFarland, 3 Cold., 267, 91 Am. Dec., 281; Kelley v. Story, 6 Heisk., 202, 206. This deputy had the seal and affixed it to the deed. Charlie Murray admitted to witness that he and his mother had executed the deed; hence there is nothing in this contention as the certificate is not subject to collateral attack. (3) We are of the opinion that the second assignment is not well made, and it is immaterial whether the deed from the Murrays to S. W. Winningham was properly acknowledged and registered, as the Hulls had knowledge of its existence and did not plead innocent purchaser, all of which will be more fully discussed under assignment No. 7; hence, it is immaterial when Hulls' deed was registered if the Hulls had knowledge of the Winningham deed. Code, secs. 7665 and 7667. The deed from the Murrays to Winningham was good as between the parties without acknowledgment or registration. Hitt v. Caney Fork Gulf Coal Co., 124 Tenn., 334, 139 S. W., 693.

3. The third assignment complains of the Chancellor's action in admitting in evidence the deeds from S. W. Winningham to George Stockton and to J. K. Stockton on account of the defective certificates of acknowledgment, in that, the certificates do not state that Winningham was ''the within named bargainor.'' There is nothing in this assignment, as our Supreme Court has held that the certificate is sufficient although it omits the statutory words ''the within named bargainor,'' Code 1932, sec. 7634, where it recites that the acknowledger was personally known to the officer taking the acknowledgment. Willingham v. Potter, 131 Tenn., 18, 173 S. W. 434.

4. This assignment complains of the action of the Chancellor in holding that the Dora and Lynn Winningham deeds do not affect complainants' title as they held the land under the S. W. Winningham deed and that defendants' objections to their introduction are immaterial, is not well made as their deeds from S. W. Winningham cover the land in controversy and are older than the Dora and Lynn Winningham deeds, hence, the objection is immaterial, and this assignment is overruled.

5. The fifth assignment complains that the Chancellor erred in holding that the deed from George L. Stockton and wife to Complainant Union Bank covered the land in controversy as it states that the tract was granted to Arthur Edwards and is Grant No. 5994. It is insisted that the Edwards grant is No. 5494 and that there was no grant numbered 5994 issued to Edwards in Fentress County. It is

further insisted that the description of this deed does not cover the land in controversy.

There is nothing in this contention as Stockton testified that this deed covered the land in controversy and there is no evidence to the contrary. The number "5994" is evidently a typographical error, but in any event it is immaterial.

6. It is insisted that the Chancellor erred in holding that Lynn Winningham held seven years' adverse possession of this land for the Stocktons.

We think this assignment of error should be sustained, as the complainants have failed to show that he had held the open, notorious, continuous adverse possession of this land for seven years. It must be shown that the possession was continuous for seven years. Harrison v. Beaty, 24 Tenn. App., 13, 137 S. W. (2d), 946. The burden was on the complainants to establish title by adverse possession (Westmoreland v. Farmer, 7 Tenn. App., 385), and they have not established it.

"The doctrine of adverse possession is to be strictly construed, and must be made out by clear and positive proof and not by inference; every presumption being in favor of the possession in subordination to the title of the true owner." Harrison v. Beaty, 24 Tenn. App., 13, 137 S. W. (2d), 946, 950.

But the sustaining of this assignment of error does not affect the result as complainants have the legal title.

7. It is insisted by this assignment that the Chancellor erred in holding that Hull and wife had actual knowledge of complainants' title before and at the time their deed from Murray was executed in 1938, and that they were not innocent purchasers.

This assignment must be overruled: (1) Because defendants Hull did not plead that they were innocent purchasers, and they cannot rely on this defense without pleading it with particularity. Gibson's Suits in Chy. (4 Ed.), secs. 332. (2) We think they knew about the complainants' title, and that the Murrays had no title. Mrs. Hull is Charlie Murray's daughter. The Murrays and Mrs. Hull did not testify. The Hulls agreed to give $1,000, but actually made a cash payment of only $1. Hull testified that he knew of the Stocktons' and Murrays' prior litigation, and that Murray had won. A man of ordinary intelligence would have inquired a little further and have ascertained the facts, how he won and why they were litigating. His deed was executed only a few days after the non-suit. Charlie Murray had the deed prepared. Hull didn't know who prepared the deed, but he heard that the Stocktons were claiming the land. This was enough to put him upon inquiry. We think he knew more than he would tell.

8. It is insisted that the Chancellor erred in excluding the copies of the decrees in the case of Edwin B. Jennings v. S. W. Winningham. We think the Chancellor did not err in excluding this evi-

dence, as it was immaterial unless it would show that there was an outstanding title. These decrees were not supported by the pleadings and there was no attempt to prove the issues except whatever the decrees might show.

But a defendant cannot plead or rely upon an outstanding title where both parties claim title from a common source.

"Based on the doctrine of estoppel as well as a rule of law founded on convenience, the general rule is that where plaintiff and defendant both claim title from a common source defendant cannot show title in a third person independent of the common source without connecting himself with the independent title, although an independent title with which defendant connects himself may be shown." 19 C. J., 1077, sec. 70; 28 C. J. S., Ejectment, sec. 39.

9. It is insisted by this assignment that the Chancellor erred in excluding Hogue's testimony as to the Edwards grants for land in Fentress County. We think this evidence, if admitted, would be immaterial as it would only go to show that the calls of the deeds stating that the tract was the Edwards grant 5994 instead of 5494 was a mistake or a mere typographical error, which cannot affect the result as the evidence shows that the Edwards grant was actually No. 5494, and other evidence shows that these deeds cover the land in controversy; hence this assignment must be overruled.

10. It is insisted that the Lynn and Dora Winningham deeds and the George Stockton deed to the Union Bank are champertous. We have already held that the complainants' title is valid without these Winningham deeds, but it should be further stated that grantors, their privies and successors in title, are estopped to plead and rely on champerty as against their own deed. Ruffin v. Johnson, 5 Heisk., 604; Williams v. Burg, 9 Lea, 455, 456, 464; Knox v. Keith, 9 Tenn. App., 614.

According to Murray's testimony, Charlie Murray had no interest in the property at the time he appealed as he had conveyed it to the Hulls, hence he had no right to appeal. War Finance Corporation v. Davenport, 4 Tenn. App., 599.

All the material assignments of errors are overruled and the decree of the Chancellor will be affirmed. The costs of the cause including the costs of the appeal are decreed against the defendants.

Felts and Howell, JJ., concur.