**IN THE COURT OF APPEALS OF TENNESSEE,**

**FFILED**

**February 18, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **ANJUM D. ALI,** | ) | Davidson County Chancery Court |
|  | ) | No. 97-203-II |
| Plaintiff/Counter-Defendant/Appellant, | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. M1999-00082-COA-R3-CV |
|  | ) |  |
| **PROFESSIONAL REAL ESTATE** | ) |  |
| **DEVELOPERS, INC.,** | ) |  |
|  | ) |  |
| Defendant/Counter-Plaintiff/ | ) |  |
| Third Party Plaintiff/Appellee, | ) |  |
|  | ) |  |
| VS. | ) |  |
|  | ) |  |
| **MIR AHMED IFTEKAR ALI,** | ) |  |
|  | ) |  |
| Third Party Defendant. | ) |  |

From the Chancery Court of Davidson County at Nashville.
**Honorable Carol L. McCoy, Chancellor**

**Stewart F. Kresge**, Nashville, Tennessee
Attorney for Plaintiff/Counter-Defendant/Appellant.

**Marshall L. Hix**,
**James David Nave**,
HIX GRAY & NAVE, PLLC, Nashville, Tennessee
Attorneys for Defendant/Counter-Plaintiff/Third Party Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

 

In this action to determine the rights of the parties with respect to a piece of real property located at 736 McGavock Pike in Nashville, Tennessee ("the McGavock property"), the trial court declared that Defendant Professional Real Estate Developers, Inc. ("PRD") is the owner of the disputed real property in fee simple and ordered Plaintiff Anjum D. Ali and Third Party Defendant Mir Ahmed Iftekar Ali to pay PRD damages in the amount of $10,000.00. For the reasons set forth below, we affirm the ruling of the trial court.

*Factual and Procedural History*

Ms. Ali purchased the McGavock property in March of 1993. Ms. Ali subsequently executed and recorded a quit claim deed establishing herself and Mr. Ali as owners of the property as tenants by the entireties. At the time that it was purchased, the property was indebted to the extent of $35,100.00, as evidenced by a deed of trust executed by Mr. Ali and Ms. Ali in favor of NationsBank. In January of 1995, Mr. Ali and Ms. Ali executed a written agreement evidencing their intention regarding the disposition of their assets, including the McGavock property, in the event of divorce.[1] In March of 1996, Mr. Ali and Ms. Ali met with David Anderson of Clive Anderson Realty & Auction Company regarding the possibility of selling the McGavock property. Thereafter in May of 1996, Ms. Ali left the United States and traveled to India. While Ms. Ali was in India, Mr. Anderson sold the McGavock property at auction to PRD. Following the auction, PRD executed a sales contract agreeing to purchase the property for $185,000.00. A closing took place, at which time the closing attorney disbursed $31,523.67 to NationsBank to satisfy the remaining indebtedness on the property and NationsBank executed a release of its deed of trust. Mr. Ali then executed a warranty deed conveying the real property to PRD in his individual capacity and in a representative capacity for Ms. Ali. Mr. Ali purported to have authority to act on Ms. Ali's behalf based on a general power of attorney allegedly executed by Ms. Ali on October 4, 1994 and recorded with the register of deeds on May 24, 1996. After the closing, Mr. Ali left the United States and joined Ms. Ali in India. Mr. Ali allegedly became abusive to Ms. Ali, however, prompting her to return to the United States, whereupon she discovered that the McGavock property had been sold to PRD.

In January of 1997, Ms. Ali filed a complaint against PRD to quiet title on the real property. PRD then filed an answer to the complaint, a counter-claim against Ms. Ali, and a third party complaint against Mr. Ali. During a hearing on the matter, Ms. Ali denied that she signed the power of attorney used by Mr. Ali when executing the warranty deed in favor of PRD. With respect to the authenticity of Ms. Ali's signature on the power of attorney, two expert witnesses testified at trial. Thomas Vastrick, a forensic document examiner, testified that he simply did not know whether the purported signature of Ms. Ali on the power of attorney was genuine. Jane Eakes, a certified document examiner specializing in handwriting, testified as to her belief that the signature on the power of attorney was, in fact, the signature of Ms. Ali. Raman G. Dayal, who is the president of PRD, also testified at trial. According to Mr. Dayal, PRD planned to build a 120-room hotel on the McGavock property. Upon receiving a letter from Ms. Ali's attorney questioning the validity of

---

[1]Ms. Ali filed a complaint seeking a divorce from Mr. Ali in November of 1994. However, a final decree of divorce was not entered until December of 1997.

PRD's title to the property, however, this project "came to a screeching halt." At the conclusion of the trial, the court (1) found that Ms. Ali had not met her burden of proving the existence of a forgery and consequently denied her complaint, (2) declared that the power of attorney and warranty deed on which PRD relied were valid and enforceable, (3) declared that PRD is the owner of the McGavock property in fee simple and that its interest is not subject to the claims of Ms. Ali, and (4) awarded damages to PRD in the amount of $10,000.00, designating that the judgment was charged one-half to Ms. Ali and one-half to Mr. Ali. A final order consistent with this ruling was entered in January of 1999. This appeal by Ms. Ali followed.

### Issues and Standard of Review

The issues raised on appeal, as stated by Ms. Ali, are as follows:

1. Whether a party who relies upon the acts of an agent to bind a principal has the burden of proving the authority of the agent when agency is denied by the principal.

2. Whether the findings of fact and conclusions of law of the trial court are contrary to the preponderance of the evidence.

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* T.R.A.P. 13(d). Accordingly, we may not reverse these findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); T.R.A.P. 13(d). With respect to the trial court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); T.R.A.P. 13(d).

### Burden of Proof

With respect to burden of proof in the instant case, the trial court stated as follows:

> One of the primary concerns that I've had is the burden of proof. [Ms. Ali's attorney] states very assertively that the burden of proof is on [PRD] to prove the validity of the signature on the general power of attorney. My understanding of the case law is to the contrary. Ms. Ali is the one who has the burden of demonstrating that her signature on the power of attorney was a forgery, because it is on that basis that she filed the complaint on which she travels in this lawsuit.
>
> What is not readily apparent to me is the standard of whether it is by a preponderance of the proof or clear and convincing. I will state that in no instance do I find that this signature was a forgery beyond a reasonable doubt. . . . And I do not find that there was a

forgery beyond a reasonable doubt.

. . . .

I do not find by clear and convincing evidence that Ms. Ali's signature on the deed is a forgery. It is the preponderance of proof that gives me pause. . . . I do not find that I can determine that Ms. Ali's signature on the general power of attorney recorded October 4th, 1994, was or wasn't genuine by a preponderance of the proof, and it is the burden of [Ms. Ali] to persuade me that it was a forgery in order for me to award her the relief which she seeks.

. . . .

. . . [I]n the absence of the Court being unable[sic] to conclude by a preponderance of the proof that the signature is a forgery and not valid, the Court so declares that it is.

Thus, the trial court concluded that Ms. Ali had the burden of proving that her purported signature on the power of attorney was a forgery. In the statements quoted above, there are references to three different evidentiary standards, including "a preponderance of the proof," "clear and convincing evidence," and proof "beyond a reasonable doubt." The court found that, under each of these standards, the evidence presented by Ms. Ali was insufficient to prove that her signature on the power of attorney was a forgery.[2]

Ms. Ali argues that the trial court erred in placing the burden of proof on her rather than on PRD. She characterizes the present action as a case of an alleged agency rather than one involving an alleged forgery. Under Tennessee law, the burden of proof in cases of an alleged agency is on the party asserting the agency. *See Watson v. McCabe*, 527 F.2d 286, 289 (6th Cir. 1975); *Jack Daniel Distillery, Lem Motlow, Prop. v. Jackson*, 740 S.W.2d 413, 416 (Tenn. 1987); *Cobble v. Langford*, 230 S.W.2d 194, 197 (Tenn. 1950); *Southland Express, Inc. v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335, 340 (Tenn. Ct. App. 1994); *John J. Heirigs Constr. Co. v. Exide*, 709 S.W.2d 604, 608 (Tenn. Ct. App. 1986); *Sloan v. Hall*, 673 S.W.2d 548, 551 (Tenn. Ct. App. 1984). Thus, because the validity of PRD's deed is dependent on the existence of an

_____

[2]Subsequent to the trial court's ruling, an exchange between the court and counsel for Ms. Ali occurred, as follows:

Counsel:    In your findings could you please indicate whether
            or not you believe the plaintiff -- well, not by clear
            and convincing evidence, but a preponderance of
            the evidence, carried the burden?

The Court:  I did address that. What I found is that I am [not]
            persuaded by a preponderance of the evidence that
            the signature on the power of attorney was not
            genuine. Mr. Vastrick was unable to conclude that
            is was not genuine. I have a like mind.

Thus, although the court discussed all three evidentiary standards, the court clearly understood that Ms. Ali was required to prove the existence of a forgery by only a preponderance of the evidence.

agency relationship between Mr. Ali and Ms. Ali, Ms. Ali contends that the burden of proof should have been placed on PRD.

Unlike Ms. Ali, PRD characterizes the instant case as one of alleged forgery. In *Kyle v. Kyle*, 74 S.W.2d 1065 (Tenn. Ct. App. 1934), this court considered whether Kyle signed a deed purporting to convey a piece of real property to Garrett and whether Kyle endorsed a check allegedly given to him by Garrett as payment for this property. *See id.* at 1065. Kyle contended that his purported signature on the deed and canceled check were forgeries. *See id.* at 1065-66. With respect to the proper placement of the burden of proof, the court stated as follows:

> Upon which party did the burden of proof lie as to the validity of the deed? The chancellor placed it upon [the proponent of the deed], conceiving that to him the rule was applicable that the general plea of non est factum throws upon the party claiming under the instrument the burden of proving the execution of it by the alleged maker, or by some one authorized to bind him. . . . We think that in this view the chancellor was in error. . . .
>
> . . . .
>
> The issue being properly presented by the cross-bill and answer, the burden was upon the cross-complainant to show that the deed was a forgery and to avoid the certificate of acknowledgment. The presumption is in favor of the validity and regularity of a written instrument, and the person asserting its invalidity has the burden of proving his allegations by clear and satisfactory evidence. . . . The evidence must not merely raise a suspicion, or indicate a probability, but it must be full, convincing, and conclusive.

*Id.* at 1067 (citations omitted). Although the court in *Kyle* used language suggesting a higher standard of proof, other Tennessee cases have clarified that a party challenging a written instrument has the burden of proving the invalidity of the writing by only a preponderance of the evidence. *See In re Rudd (Drake v. Bank of Troy)*, 28 B.R. 591, 593 (Bankr. W.D. Tenn. 1983)("While the burden of proof is upon the party seeking to impeach the writing, a preponderance of the evidence is all that is required."); *Bennett v. Massachusetts Mut. Life Ins. Co.*, 64 S.W. 758, 759 (Tenn. 1901)("It is true, the burden is upon the party seeking to impeach the writing, but a preponderance of evidence is all that is required in this as well as other civil actions."); *McBee v. Bowman*, 14 S.W. 481, 483 (Tenn. 1890)(holding that the trial court erred in instructing the jury that the party alleging the existence of a forgery must prove his case "with reasonable certainty" and stating that "[i]n civil cases a preponderance is all that is required" ); *Keys v. Keys*, 129 S.W.2d 1103, 1105 (Tenn. Ct. App. 1939)(holding that the trial court did not err in instructing the jury that "the burden thereupon shifted to the contestants to show by a preponderance of the evidence that the will was a forgery").

Although we recognize that the present action involves a purported agency

relationship between Mr. Ali and Ms. Ali, we agree with PRD that the crux of the case is the allegation that Ms. Ali's signature on the power of attorney is a forgery. The existence or nonexistence of an agency relationship between Mr. Ali and Ms. Ali is wholly dependant on the outcome of the court's inquiry regarding whether the power of attorney was forged. If Ms. Ali's signature on the power of attorney was not forged, then Mr. Ali had the authority to execute the deed to PRD on Ms. Ali's behalf. If, however, the signature was forged, then no such authority existed. The determinative issue, then, is not whether an agency relationship existed between Mr. Ali and Ms. Ali, but whether Ms. Ali's signature on the power of attorney is a forgery. When a written instrument is challenged based on the allegation that a signature on the instrument has been forged, the burden of proving the existence of a forgery is on the party seeking to invalidate the instrument. Ms. Ali alleges that her signature on the power of attorney was forged and, therefore, the deed executed by Mr. Ali on her behalf is invalid. We conclude that the trial court did not err in placing the burden of proof on Ms. Ali.

### *Factual Finding of Trial Court*

As stated above, the trial court concluded that Ms. Ali failed to prove that her purported signature on the power of attorney is a forgery. Ms. Ali argues on appeal that this finding is contrary to the preponderance of the evidence. We disagree.

Ms. Ali testified at trial that she did not sign the power of attorney. She further testified that it was her belief that Mr. Ali forged her name to this document. According to Ms. Ali, Mr. Ali had forged "a lot of documents" in the past, including other powers of attorney. Mr. Vastrick, who testified as an expert witness for Ms. Ali, stated that he examined approximately thirty to forty samples purporting to be the signatures of Ms. Ali. Mr. Vastrick discovered some differences among these signatures, causing him to question whether some of them were genuine. Ms. Ali subsequently made a list indicating which of the purported signatures were genuine and which of them were forgeries. According to Mr. Vastrick, however, the list complied by Ms. Ali did not coincide with the two different writing styles revealed by his examination of the signatures. Because he was unsure whether the sample signatures provided to him were genuine, Mr. Vastrick was unable to make a determination regarding the genuineness of Ms. Ali's purported signature on the power of attorney. Ms. Eakes, who testified as an expert witness for PRD, examined the sample signatures and the purported signature on the power of attorney, concluding that the signature of Ms. Ali on the power of attorney was genuine.

In *Kyle*, the court concluded as follows:

[Mr. Kyle] asked the court to declare this deed a forgery just because he swears that he never executed it, never signed it, never received the check or indorsed it, and because there are some differences in the characteristics of the handwritings. On the other hand, we have a deed regular in form and a check indorsed relating to a transaction which is very likely to have been consummated. The presumption is in favor of the validity of these papers. The testimony of the grantor alone is insufficient to invalidate the deed. The other evidence does not satisfy this court that the signatures are forgeries, even when taken in connection with the testimony of Kyle himself. We do not know absolutely what is the truth about this matter. The burden was upon the cross-complainant, Kyle, to establish by clear, satisfactory, and conclusive evidence that the deed is a forgery. The evidence which he has adduced does not fulfill these requirements, in our opinion.

*Kyle*, 74 S.W.2d at 1069. Likewise, in the instant case, Ms. Ali had the burden of proving that her purported signature on the power of attorney was a forgery. Neither of the experts who testified at trial were able to conclude that the signature was a forgery. Thus, the only evidence in support of Ms. Ali's position is her own testimony that she did not sign the power of attorney.[3] After consideration of all of the evidence in the record, we agree with the trial court that Ms. Ali's testimony was insufficient to prove the existence of a forgery. Upon reviewing this record, we conclude that the evidence does not preponderate against the finding of the trial court.

### Conclusion

The judgment of the trial court is affirmed. Costs on appeal are assessed against Ms. Ali, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J.

_____
LILLARD, J.

---

[3]In its ruling, however, the trial court expressed doubt regarding the credibility of Ms. Ali's testimony, stating as follows:

There is a question in my mind as to the credibility of Ms. Ali with regards to some of the circumstances that arose, and that I cannot erase from my mind.